LATHAM & WATKINS LLP
Michele D. Johnson (Bar No. 198298)
Jordan D. Cook (Bar No. 293394)
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
T: (714) 540-1235 / F: (714) 755-8290
michele.johnson@lw.com
jordan.cook@lw.com

Colleen C. Smith (Bar No. 231216)
12670 High Bluff Drive
San Diego, California 92130
T: (858) 523-5400 / F: (858) 523-5450
colleen.smith@lw.com

*Attorneys for Plaintiff Masimo Corporation*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

MASIMO CORPORATION

Plaintiff,

v.

POLITAN CAPITAL MANAGEMENT LP, *et al.*,

Defendant(s).

Civil Action No. 8:24-cv-01568-JVS-JDE

**PLAINTIFF'S REPLY IN SUPPORT OF *EX PARTE* APPLICATION FOR EXPEDITED DISCOVERY IN AID OF CONCURRENTLY FILED MOTION FOR PRELIMINARY INJUNCTION**

Courtroom: 10C
Honorable James V. Selna

## I. INTRODUCTION

The core issue raised by Masimo's *Ex Parte* Application is whether the Court should permit limited expedited discovery to ensure that stockholders receive accurate information when making key decisions for the future of Masimo. The Opposition underscores the necessity for the requested limited discovery and adjudication on the merits. If Defendants have it their way, they can lie with impunity in their proxy materials in order to pull one over on the stockholders and proxy advisory firms, and Masimo cannot stop them or unearth those lies to ensure that the upcoming stockholder vote is fully informed. As set forth below, the law is to the contrary. Expedited discovery is warranted.

## II. ARGUMENT

### A. Masimo's Application Is Proper

Defendants first oppose the *Ex Parte* Application not on the merits but rather because Masimo submitted one motion instead of two. Opp. at 10–11. But Defendants do not cite a single case where a court dismissed an *ex parte* application seeking expedited discovery and other relief because it was supported by a single motion. In the one case they do cite, *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995), the court's ruling addressed the seventh *ex parte* application the parties had filed in only two months, this time about the return of privileged documents. Nor do Defendants claim any prejudice from responding to Masimo's *Ex Parte* Application in a single document rather than an *ex parte* application attaching a second motion. Courts in this district regularly grant *ex parte* applications supported by one motion. *See, e.g.*, *KWB & Assocs., Inc. v. Marvin*, 2018 WL 5094923, at *1 (C.D. Cal. Mar. 6, 2018) (granting *ex parte* application for expedited discovery based on single motion).

### B. Masimo's Section 14(a) Claim Is Not Moot

Defendants' core substantive response to the *Ex Parte* Application is to argue that they have effectively "mooted Masimo's Section 14(a) claim" because

Defendants filed "an amended proxy statement that disclosed this dispute and attached Masimo's Complaint." Opp. at 12. That is not the law, and for good reason: it would create a host of perverse incentives and prevent courts from ever adjudicating an Exchange Act claim in the context of a proxy fight.

Federal courts have repeatedly confirmed that "merely informing the public of the existence of the dispute is not enough to make the case nonjusticiable." *Arvin Industries v. Wanandi*, 722 F. Supp. 532, 540–41 (S.D. Ind. 1989) (collecting cases; "[t]hat [defendant] vigorously denies such allegations in his amended Schedule 13D does not diminish the materiality of such claims; if they are true, the stockholders may be entitled to know").

This general principle is consistent with Judge Carter's core holding in this district in *Allergan, Inc. v. Valeant Pharmaceuticals International, Inc.*, 2014 WL 5604539, at *15 (C.D. Cal. Nov. 4, 2014). There, as here, the defendants made misleading factual statements and omitted material facts, including key facts regarding an undisclosed agreement between the defendants that were necessary for an informed stockholder vote. *Id.* at *16. The court granted a preliminary injunction (i) requiring the defendants to file corrective disclosures to their proxy materials disclosing, among other things, the previously undisclosed agreement and (ii) enjoining defendants from voting any proxies they solicited on the basis of the proxy materials or soliciting any further proxies until the corrective disclosures were made. *Id*. So too here. As Masimo detailed in its Motion for Preliminary Injunction, the Politan Proxy Materials included false and misleading statements and omitted key facts that must be corrected to allow an informed stockholder vote. ECF No. 13 at 6-9. Disclosing that there are unadjudicated claims about the Politan Proxy Materials in no way actually *corrects* the glaring factual misstatements and omissions in Defendants' disclosures. As in *Allergan*, Defendants must do more—namely, provide corrective disclosures with the true facts. Defendants' inclusion of

the Complaint and denial of Masimo's factual allegations is plainly insufficient and cannot give Defendants a free pass to escape discovery into their misdeeds.

Rather than meaningfully distinguishing controlling case law, Defendants rely instead on two out-of-circuit cases for the proposition that appending Masimo's Complaint to Defendants' inaccurate disclosures somehow cures the defect and moots Masimo's Section 14(a) claim. *See* Opp. at 2 (citing *Lewis v. Potlatch Corp.*, 716 F. Supp. 807, 810 (S.D.N.Y. 1989)); *id.* at 12 (citing *Tax-Free Fixed Income Fund for P.R. Residents, Inc. v. Ocean Cap. LLC,* 2023 WL 5835786, at *12 (D.P.R. Aug. 10, 2023)).[1] But Defendants' argument is both irrelevant and misleading.

First, this is a merits-based argument about the relief sought in the Preliminary Injunction Motion, not the *Ex Parte* Application; it has no bearing on *any* of the five relevant factors as to whether good cause exists to order expedited discovery. Mot. at 11 (setting forth the five factors courts consider, none based on the merits of the underlying preliminary injunction motion). Masimo's targeted discovery requests go to the heart of the issues raised in its Motion for Preliminary Injunction, and granting this Application will allow the Court (and stockholders) to make an informed decision based on facts, not argument. *C.f. Los Angeles Unified Sch. Dist. v. A.O. by & through Owens*, 92 F.4th 1159, 1179 (9th Cir. 2024) ("Attorney arguments are not evidence."). Defendants' attempt to shift the Court's inquiry away from whether expedition and discovery should be granted and towards whether the Preliminary Injunction should be granted only underscores their fear of an informed vote and discovery into their myriad bad acts they have concealed from Masimo's stockholders.

---

[1] Defendants also cite to *TSC Industries, Inc. v. Northway, Inc.*, 426 U.S. 438, 448 (1976), for the uncontroversial proposition that the purpose of Rule 14a-9 is to "ensure disclosures by corporate management in order to enable the shareholders to make an informed choice." *See* Opp. at 12. Masimo, of course, does not disagree with this statement; it is precisely because Masimo's stockholders need to be able to make an informed choice that Masimo is seeking the present relief. Otherwise, the *TSC* case does not speak to the issues at bar.

Second, even if Defendants' argument were relevant, it is not persuasive. Defendants' only case to support their proposition (that Masimo's Section 14(a) claim is mooted merely because Defendants appended the Complaint to their disclosures) stands for the tepid proposition that, "[u]nder *certain circumstances*, such a disclosure can be achieved by attaching the pleadings of a litigation to a Schedule 13D." *Ocean Cap. LLC*, 2023 WL 5835786, at *4 (D.P.R. Aug. 10, 2023) (emphasis added). As explained above, this is not one of those circumstances: disclosing the underlying complaint in no way actually *corrects* the glaring factual misstatements and omissions in the disclosures.

There is a reason why Defendants' theory is not the law. If it were, there would be neither a penalty for filing disclosures full of misstatements nor an incentive to be truthful; as long as a lawsuit ultimately alleges misstatements, the misstating party would have no need to affirmatively correct or disavow those inaccuracies. That cannot be, and is not, the law.

Defendants' attempt to avoid having to answer for or provide discovery regarding their Section 14(a) violations should be rejected.

### C. The Court Should Lift the PSLRA Discovery Stay

Defendants misconstrue the basis of Masimo's *Ex Parte* Application. Masimo does not seek discovery to supplement its well-pleaded Complaint. Masimo properly seeks limited discovery to further develop the factual record pending a preliminary injunction to enjoin an uninformed stockholder vote in a corporate control contest. The urgency that drives the need to lift the stay and consider the preliminary injunction on a complete record is the very limited time before the upcoming stockholder vote. Stockholders must have accurate information before—and not after—they have voted on control of the company. Failing to lift the PSLRA stay in these circumstances would result in undue prejudice. *See Ryan v. Walton*, No. CIV.A. 10-145 RMC, 2010 WL 3785660, at *2 (D.D.C. Mar. 9, 2010) (lifting PSLRA stay to allow expedited discovery to support preliminary injunction motion

because the imminent harm of an uninformed stockholder vote is "the type of prejudice that warrants the lifting of the discovery stay."). "Given the imminent shareholder vote" and Plaintiff's "motion for a preliminary injunction," "Plaintiff will suffer not only undue prejudice, but irreparable harm if the PSLRA stay is not lifted." *Malon v. Franklin Fin. Corp.*, No. 3:14cv671 (HEH–RCY), 2014 WL 5795730, at *3 (E.D. Va. Nov. 6, 2014) (lifting PSLRA stay).

Unlike the cases on which Defendants rely, Masimo does not seek discovery to assess whether there is a factual basis to bring a preliminary injunction motion. *See Cartica Mgmt., LLC v. CorpBanca S.A.*, No. 14-CV-2258 (PKC), 2014 WL 12788656, at *2 (S.D.N.Y. Aug. 1, 2014) (declining to lift PSLRA stay where no preliminary injunction was pending and Cartica contended that lifting the stay was "necessary in order for Cartica to file a preliminary injunction motion"); *Sokolowski v. Adelson*, No. 2:14-CV-0111-JCM-NJK, 2014 WL 1777996, at *2 (D. Nev. May 2, 2014) (declining to lift PSLRA stay where plaintiff sought discovery to "'amplify' his chances of succeeding in a *yet-to-be filed* motion for preliminary injunction.") (emphasis added); *see also Desmarais v. First Niagra Fin. Grp., Inc.*, No. CV 15-1226-LPS-CJB, 2016 WL 768257, at *1 (D. Del. Feb. 26, 2016) (declining to lift PSLRA stay where no preliminary injunction was pending and plaintiff sought discovery that defendants had already produced in related actions). Expedited discovery to further develop the factual record in support of Masimo's preliminary injunction motion—which is already pending—is expressly contemplated by the good-cause standard for expedited discovery. *See Washington v. Lumber Liquidators, Inc.*, No. 15-CV-01475-JST, 2015 WL 2089992, at *2 (N.D. Cal. May 5, 2015) (the first element of the "good cause" standard for expedited discovery is whether a motion for preliminary injunction is pending); *see also Ryan v. Walton*, No. CIV.A. 10-145 RMC, 2010 WL 3785660, at *2 (D.D.C. Mar. 9, 2010).

Defendants next run through a string of out-of-circuit cases to argue that "the risk of an uninformed stockholder vote does not [automatically] establish undue

prejudice." Opp. at 18–19.[2] But, as demonstrated through Masimo's Application, there is undue prejudice ***here*** where stockholders are not just "uninformed": Defendants' lies have actively misled them. Mot. at 18–19. Defendants' citation to *Medical Imaging Centers v. Licthenstein* is a powerful concession—Defendants admit that they want this Court to employ "cumbersome," and "not as effective," procedures to resolve Masimo's Preliminary Injunction Motion. Opp. at 19 (citing 917 F. Supp. 717 (S.D. Cal. 1996)). Defendants' desire to shield the truth should not guide the outcome of Masimo's request.

Defendants' meritless attacks on the cases Masimo cites fare no better. Defendants suggest the Court ought to give little weight to *Allergan* because the "parties *stipulated* to expedited discovery." Opp. at 19 (emphasis in original). But Defendants have it backwards; the fact that similarly situated defendants understood

---

[2] Each of these cases is readily distinguishable from the present facts. *City of Birmingham Ret. & Relief Sys. v. Armstrong*, No. CV 16-17-RGA, 2016 WL 880503, at *2 (D. Del. Mar. 1, 2016) (declining to lift PSLRA stay where "Plaintiff has made only conclusory assertions that the Williams stockholders have been misled by defendants' disclosures or omissions"); *Med. Imaging Centers of Am., Inc. v. Lichtenstein*, 917 F. Supp. 717, 722 (S.D. Cal. 1996) (concluding plaintiff did not have a legal right to some of the requested discovery because "[t]hese factual and legal contentions were unanswered by Appellant…" and finding the plaintiff was already aware that the appellants were seeking control of the company, so there is no need for a disclosure that appellants are in fact seeking control of the company); *Eisner v. Meta Platforms, Inc*., No. 24-CV-02175-CRB (PHK), 2024 WL 2749433, at *5 (N.D. Cal. May 28, 2024) (declining to lift PSLRA stay where discovery was overbroad and plaintiff did not explain "*how* the discovery sought relates (in any way) to the preliminary injunction motion."); *Lusk v. Life Time Fitness, Inc.*, No. CIV. 15-1911 JRT/JJK, 2015 WL 2374205, at *2 (D. Minn. May 18, 2015) (declining to lift PSLRA stay where plaintiff had an adequate appraisal remedy under Minnesota state law); *Dipple v. Odell*, 870 F. Supp. 2d 386, 393 (E.D. Pa. 2012) (declining to lift PSLRA stay in the context of a motion to dismiss, but noting that, "[t]o be sure, the standards governing temporary restraining orders and motions to dismiss are different"); *Calleros v. FSI Int'l, Inc.,* No. CIV. 12-2120 RHK/AJB, 2012 WL 10918867, at *2 (D. Minn. Sept. 17, 2012) (refusing to lift PSLRA stay where "Plaintiff does not contend that no disclosures regarding share values have been produced…[r]ather, plaintiff argues that more detailed information and documents are needed to allow him to make a well-informed decision as to share value, hence the desire for expedited discovery"); *Leone v. King Pharms., Inc.,* No. 2:10-CV-230, 2010 WL 4736271, at *3 (E.D. Tenn. Nov. 16, 2010) (declining to lift PSLRA stay where "plaintiff filed his complaint in this case on October 15, 2010 and, as of the date of the oral argument on November 10, still had not filed a motion for a preliminary injunction despite the fact that counsel argued at the hearing that plaintiff could meet, even without discovery, the prerequisites for the issuance of a preliminary injunction").

the importance of expedited discovery in advance of a stockholder vote to elect directors and volunteered to lift the stay (rather than fight it tooth and nail as Defendants do here) underscores the importance of an informed vote, and the lengths to which Defendants will go to prevent that informed vote from happening. And when Defendants describe *Ryan* as a "rare case," Opp. at 20, the implication is that board members regularly lie to their stockholders to gain control of companies they serve. This type of misconduct is not only "rare," it is illegal. And it certainly warrants lifting the discovery stay.

### D. Good Cause Supports Allowing Masimo's Narrow Requests

Defendants' cited authority misses the mark; in each of Defendants' cases, the discovery sought was broad and unrelated to the preliminary injunction motion. For example, in *Disability Rts. Council of Greater Washington v. Washington Metro. Area Transit Auth.*, 234 F.R.D. 4, 7 (D.D.C. 2006), the court declined to grant injunctive relief where "the relief that plaintiffs intend[ed] to seek in a preliminary injunction [wa]s dramatically greater and more demanding of [defendant] than the relief they sought originally." *See* Opp at 21. Similarly, the court in *Rovio Ent. Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1100 (N.D. Cal. 2012), denied a request for a preliminary injunction where the plaintiff had "not articulated any specific missing evidence essential for injunctive relief." Opp. at 22. And in *Profil Institut Fur Stoffwechselforschung GbmH v. Profil Inst. for Clinical Rsch.*, No. 16CV2762-LAB (BLM), 2016 WL 7325466, at *3 (S.D. Cal. Dec. 16, 2016), the court denied a plaintiff's request for expedited discovery where the "requested discovery goes to the merits of Plaintiff's claim" rather than the issues in dispute in the pending motion for preliminary injunction. *See* Opp. at 22-23.

Here, in contrast, the discovery requests are narrowly tailored to "develop[] the factual record in support of the[] preliminary injunction motion…" *Washington v. Lumber Liquidators*, No. 15–cv–01475–JST, 2015 WL 2089992, at *2 (N.D. Cal. May 5, 2015). Masimo's requested discovery directly relates to the very statements

that need correcting before the stockholder vote—*i.e.*, the false and misleading statements Defendants made in their proxy materials, SEC filings, and other public forums at issue in Masimo's Motion for Preliminary Injunction.

Defendants' speculative, unsupported, and contradictory burden argument fares no better, and it is also telling. For example, while on the one hand, Defendants complain that they "would need to use vendors to collect and review thousands of documents," on the other hand, Defendants claim that the allegation that Mr. Koffey is conspiring with Wolf Haldenstein is "false and defamatory" and suggest he had no contact with the firm. Opp. at 14. If it is true that Mr. Koffey had no contact with a law firm suing Masimo's Board (on which Mr. Koffey sits), then it should be simple for Defendants to respond under oath that they have no responsive documents. Likewise for the other requests. If Defendants did not litter their proxy materials with falsities and truly have nothing to hide, there should be no burden in responding to the targeted discovery requests. Those requests that almost certainly will require production are limited in scope and go directly to specific statements Defendants have made to stockholders (and that appear inconsistent with Defendants' conduct).

Moreover, Defendants' interpretation of *Profil Institut Fur Stoffwechselforschung GbmH,* 2016 WL 7325466, at *3 (*see* Opp. at 25) would render the first element of the Ninth Circuit's "good cause" standard for expedited discovery superfluous. Motions for preliminary injunctions must be supported by evidence, not mere speculation. *See Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 21–22 (2008). While Masimo's Motion for Preliminary Injunction is supported by competent evidence, given the severe nature of the irreparable harm here—an uninformed stockholder vote on an attempted corporate takeover—limited discovery is especially appropriate to further develop the factual record for the preliminary injunction. *See Lumber Liquidators*, 2015 WL 2089992, at *2; *CytoDyn Inc. v. Rosenbaum*, No. 21-1139-MN, 2021 WL 4935888, at *2 (D. Del. Aug. 24, 2021);

*Ryan v. Walton*, No. 10–145 (RMC), 2010 WL 3785660, at *2 (D.D.C. Mar. 9, 2010). This is precisely why expedited discovery has been regarded as "common practice" in similar cases. *CytoDyn*, 2021 WL 4935888, at *2.

**E. Defendants' Motion To Dismiss Briefing Schedule Is Irrelevant**

Defendants' assertion that, "Masimo refused to agree to expedited briefing of the motion [to dismiss], undermining any good faith claim it has to expedited discovery," Opp. at 3, is not relevant to this Application. The briefing schedule for Defendants' motion to dismiss is not before the Court, and Defendants are not seeking expedition. There is no reason, and certainly no reason raised in the motions before the Court at this time, for expedited briefing on the motion to dismiss except for Defendants' obvious desire to avoid scrutiny of their myriad bad acts. But more fundamentally, whether Masimo agreed to expedited briefing on an entirely separate motion has nothing to do with Masimo's entitlement to expedited discovery in connection with its pending Motion for Preliminary Injunction. Masimo's Motion for Preliminary Injunction needs to be addressed on an expedited basis because of the approaching stockholder vote; there is no similar reason why Defendants' motion to dismiss needs to be addressed on an expedited basis, as they have raised none. Defendants can raise whatever merits-based arguments they believe they have in opposition to Masimo's pending Motion for Preliminary Injunction—where likelihood of prevailing on the merits is a core element of the standard. They cite no reason why their motion to dismiss should jump in line and be heard first.

**III. CONCLUSION**

Masimo respectfully requests the Court grant its motion for expedited discovery.

Dated: July 23, 2024

Respectfully submitted,

LATHAM & WATKINS LLP

By */s/ Michele D. Johnson*

Michele D. Johnson
Jordan D. Cook
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
T: (714) 540-1235 / F: (714) 755-8290
michele.johnson@lw.com
jordan.cook@lw.com

Colleen C. Smith
12670 High Bluff Drive
San Diego, California 92130
T: (858) 523-5400 / F: (858) 523-5450
colleen.smith@lw.com

*Attorneys for Plaintiff Masimo Corporation*