UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-01568-JVS-JDE | Date | August 29, 2024 |
| Title | Masimo Corporation v. Politan Capital Management LP et al | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

Proceedings:  **[IN CHAMBERS] Order Regarding Supplemental Briefing**

  Before the Court is Plaintiff Masimo Corporation's ("Masimo") Motion for a Preliminary Injunction. (Mot., Dkt. No. 13.) Masimo, with the Court's permission, filed a supplement to its Motion on August 23, 2024. (Suppl. to Mot., Dkt. No. 118 (redacted), Dkt. No. 120-1 (unredacted).) Masimo moves for a preliminary injunction to prohibit Defendants Politan Capital Management LP, Politan Capital Management GP LLC, Politan Capital Partners GP LLC, Politan Capital NY LLC, Politan Capital Partners LP, Politan Intermediate Ltd., Politan Capital Partners Master Fund LP, Politan Capital Offshore Partners LP, Quentin Koffey, Michelle Brennan, William Jellison, Darlene Solomon, Matthew Hall, and Aaron Kapito's (collectively "Defendants") from voting any proxies solicited by them through false statements in violation of Section 14(a) of the Securities Exchange Act of 1934 (the "Act") or SEC Rule 14a-9. (Mot. at 2; Suppl. to Mot. at 30.)

  Section 14(a) prohibits "the solicitation of a proxy by a statement that contains either (1) a false or misleading declaration of material fact, or (2) an omission of material fact that makes any portion of the statement misleading." Desaigoudar v. Meyercord, 223 F.3d 1020, 1022 (9th Cir. 2000). To state a claim under Section 14(a) and Rule 14a–9, a plaintiff must establish that "(1) a proxy statement contained a material misrepresentation or omission which (2) caused the plaintiff injury and (3) that the proxy solicitation itself, rather than the particular defect in the solicitation materials, was an essential link in the accomplishment of the transaction." N.Y.C. Emps.' Ret. Sys. v. Jobs, 593 F.3d 1018, 1022 (9th Cir. 2010) (citation omitted), overruled in part on other grounds, Lacey v. Maricopa Cnty., 693 F.3d 896, 925 (9th Cir. 2012) (en banc); Mills v. Electric Auto-Lite Co., 396 U.S. 375, 385 (1970); see also Desaigoudar, 223 F.3d at 1022 (holding a Section 14(a) plaintiff must "demonstrate that the misstatement or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:24-cv-01568-JVS-JDE                                      Date   August 29, 2024

Title   Masimo Corporation v. Politan Capital Management LP et al

omission was made with the requisite level of culpability and that it was an essential link in the accomplishment of the proposed transaction." Id. (citing TSC Indus., Inc. v. Northway, Inc., 426 U.S. 438, 444 & n.7 (1976)).

Section 14(a) claims must also satisfy the loss causation requirement and heightened pleading standard of the Private Securities Litigation Reform Act ("PSLRA"). N.Y.C. Emps.' Ret. Sys., 593 F.3d at 1022. The former allots plaintiffs "the burden of proving that the act or omission of the defendant . . . caused the loss for which the plaintiff seeks to recover damages." § 78u-4(b)(4). "To show loss causation, a plaintiff must prove both economic loss and proximate causation." N.Y.C. Emps.' Ret. Sys., 593 F.3d at 1023 (citing Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 346 (2005)). "In well-pleaded § 14(a) claims, loss causation connects the proxy misstatements with an actual economic harm." Id. (citing Grace v. Rosenstock, 228 F.3d 40, 46 (2d Cir. 2000)). The loss causation requirement of the "PSLRA does not differentiate between plaintiffs seeking legal and equitable remedies, and thus, without an allegation of economic loss, no remedy, equitable or otherwise, is available." Id. at 1024.

Upon review, it appears that Masimo fails to plead economic loss. (See First Am. Compl., Dkt. No. 122 (redacted), Dkt. No. 133 (unredacted).) As such a pleading is a requirement of the loss causation element of Masimo's Section 14(a) claim, N.Y.C. Emps.' Ret. Sys., 593 F.3d at 1024, this puts in question whether Masimo is likely to succeed on the merits. See Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 5, 20 (2008).

Although there appears to be little doubt in the Ninth Circuit's ruling on that matter, see N.Y.C. Emps.' Ret. Sys., 593 F.3d at 1024, the Court **ORDERS** Masimo to submit a brief addressing whether the Ninth Circuit's decision in New York City Employees Retirement System—finding that equitable relief cannot be granted under the PLSRA "without an allegation of economic loss"—bars this Court from issuing a preliminary injunction where only equitable relief is sought by the plaintiff. The brief shall be no longer than five (5) pages in length and submitted no later than noon (12:00 p.m.) on Wednesday, September 4, 2024. Defendants' may respond in no more than five (5) pages by noon (12:00 p.m.) on Friday, September 6, 2024.

**IT IS SO ORDERED.**