LATHAM & WATKINS LLP
Michele D. Johnson (Bar No. 198298)
Kristin N. Murphy (Bar No. 268385)
Jordan D. Cook (Bar No. 293394)
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
T: (714) 540-1235 / F: (714) 755-8290
michele.johnson@lw.com
kristin.murphy@lw.com
jordan.cook@lw.com

Colleen C. Smith (Bar No. 231216)
12670 High Bluff Drive
San Diego, California 92130
T: (858) 523-5400 / F: (858) 523-5450
colleen.smith@lw.com

*Attorneys for Plaintiff Masimo Corporation*

[Additional Counsel Listed on Signature Page]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASIMO CORPORATION<br><br>Plaintiff,<br><br>v.<br><br>POLITAN CAPITAL MANAGEMENT LP, POLITAN CAPITAL MANAGEMENT GP LLC, POLITAN CAPITAL PARTNERS GP LLC, POLITAN CAPITAL NY LLC, POLITAN INTERMEDIATE LTD., POLITAN CAPITAL PARTNERS MASTER FUND LP, POLITAN CAPITAL PARTNERS LP, POLITAN CAPITAL OFFSHORE PARTNERS LP, QUENTIN KOFFEY, MICHELLE BRENNAN, MATTHEW HALL, AARON KAPITO,<br><br>Defendants. | Civil Action No. 8:24-cv-01568-JVS-JDE<br><br>**PLAINTIFF'S SUPPLEMENTAL SUBMISSION REGARDING ECONOMIC LOSS**<br><br>Hearing Date:  September 9, 2024<br>Time:         1:30 PM<br>Courtroom:    10C<br>Honorable James V. Selna |

Plaintiff Masimo Corporation ("Masimo" or "the Company") submits this supplemental brief regarding the Ninth Circuit's holding in *N.Y.C. Employees' Retirement System v. Jobs*, 593 F.3d 1018 (9th Cir. 2010), finding that equitable relief cannot be granted under Section 14(a) of the Securities Exchange Act of 1934 "without an allegation of economic loss." Dkt. No. 136 at 2.

## I.  INTRODUCTION

Politan's misinformation campaign has already caused, and will continue to cause, Masimo to suffer economic harm. Plaintiff's Amended Complaint (Dkt. No. 132 (the "Complaint" or "AC")) and the evidence developed to date easily satisfy the standards for economic loss under Section 14(a) and *N.Y.C. Employees'*, sufficiently alleging that Politan and its predatory founder and activist investor, Quentin Koffey, forced Masimo to dedicate significant resources to correcting Politan's lies and deceit.

## II.  LEGAL STANDARD

Loss causation "is simply 'a causal connection between the material misrepresentation and the loss.'" *In re Countrywide Fin. Corp. Sec. Litig.*, 588 F. Supp. 2d 1132, 1200 (C.D. Cal. 2008) ("loss causation generally '[s]hould not prove burdensome for a plaintiff' that actually suffered economic harm") (quoting *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347 (2005)). Pleading loss causation is an extremely low bar, and one that the Complaint easily clears. *See In re BofI Holding, Inc. Sec. Litig.*, 977 F.3d 781, 794 (9th Cir. 2020) (at the motion to dismiss stage, only notice of the loss causation theory needs to be pled); *see also Bricklayers & Masons Loc. Union No. 5 Ohio Pension Fund v. Transocean Ltd.*, 866 F. Supp. 2d 223, 245 (S.D.N.Y. 2012) ("A complaint need only provide the defendant with **some indication** of the loss and the causal connection that the plaintiff has in mind.") (internal quotations omitted) (emphasis added). As this Court recognized, Dkt. No. 136 at 2, a plaintiff's proper pleading of the loss causation element of a Section 14(a) claim (satisfying the standard in *N.Y.C. Employees'*) is relevant to whether a plaintiff

ATTORNEYS AT LAW

CIVIL ACTION NO. 8:24-cv-01568-JVS-JDE
PLAINTIFF'S SUPPLEMENTAL SUBMISSION
REGARDING ECONOMIC LOSS

1

can show a likelihood of success on the merits of its claim. *See Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008).

## III. PLAINTIFF HAS SHOWN A LIKELIHOOD OF SUCCESS WITH RESPECT TO LOSS CAUSATION

### A. Masimo Has Already Incurred Substantial Expenditures Working to Correct Defendants' Misstatements and Omissions

While Masimo expects that it will experience substantial economic loss if Defendants are able to take control of the Company without correcting their misstatements, Masimo has, in fact, ***already*** suffered economic losses as a result of Politan's lies. *See* AC ¶ 268. Masimo has expended millions of dollars working to correct the materially false and misleading Politan Proxy Materials, including by hiring bankers, public relations consultants, proxy solicitors, outside counsel, and other specialists to advise on how to ensure that investors know the truth about Politan's statements before the September 19, 2024 stockholder vote. *Id.* ¶ 271. In particular, Masimo has engaged nine independent advisors,[1] incurring approximately $17,000,000 in fees to date as a result of Defendants' falsehoods (Young Decl. ISO Suppl. Submission ¶ 15). These are not costs that would have been incurred in *any* proxy contest: Masimo incurred substantial costs devoted solely to the correction of Defendants' misstatements.[2]

In *N.Y.C. Employees'*, the shareholder plaintiff alleged a single theory of loss causation—dilution of shareholder interests—which the Ninth Circuit explained is "unsupported in caselaw." *N.Y.C. Emps.' Ret. Sys.*, 593 F.3d at 1023–24. Without any legally sound theory of loss causation, the plaintiff failed to adequately plead

---

[1] Advisors include: (i) Alpha Lavin Advisors, (ii) Greg Schultz, Senior Advisor to LSN Partners, LLC; (iii) Joele Frank; (iv) Latham & Watkins LLP; (v) Richards, Layton & Finger, PA; (vi) Marathon Strategies; (vii) Morgan Stanley; (viii) Paul Hastings LLP; (ix) Teneo.

[2] Masimo filed numerous responses to Defendants' false and misleading statements: (1) eight press releases; (2) two letters to shareholders; and (3) one presentation filed June 26. These burdensome costs should be shouldered by Politan because it has a duty to issue truthful statements to prevent an uninformed vote. *See Allergan, Inc. v. Valeant Pharms. Int'l, Inc.*, 2014 WL 5604539, at *15 (C.D. Cal. Nov. 4, 2014).

economic loss. *Id.* at 1024. But nothing in *N.Y.C. Employees'* (or the PSLRA) says that a plaintiff *must* seek monetary damages to obtain injunctive relief. On the contrary, "courts have recognized other showings of loss causation." *Id.* (citation omitted). As to other such showings, *Enzo Biochem, Inc. v. Harbert Discovery Fund, Ltd.*, 2021 WL 4443258 (S.D.N.Y. Sept. 27, 2021), is instructive.[3] There, issuer Enzo Biochem, Inc. ("Enzo") brought a Section 14(a) claim against Harbert Discovery, a fund that launched a proxy contest to "take control of Enzo and force a fire sale." *Id.* at *9. As in this case, Enzo alleged a series of false and misleading statements in Harbert's proxy solicitations. *Id.* The court rejected Harbert's arguments that Enzo had failed to plead loss causation under Section 14(a):

> [T]he Complaint plausibly alleges that Enzo was forced to expend unnecessary Company resources in waging a proxy contest against Harbert. . . . In particular, the Complaint alleges that the proxy contest was illegitimate due to the material misrepresentations of Harbert and that, therefore, Enzo's ***expenditure of company resources*** in waging the proxy contest constitute legal damages compensable under Section 14(a). . . . These allegations are sufficient to ground a theory of loss causation under Section 14(a) because they plead "some indication of the loss and the causal connection that the plaintiff has in mind."

*Id.* (emphasis added). So too here has Masimo, at every turn, been forced to expend valuable "company resources." *Id.* Defendants' material misstatements and omissions not only necessitated approximately $17,000,000 in fees for the above-named advisors, but also convinced Glass Lewis and ISS to endorse Politan's candidates, with reports that parroted Defendants' lies as facts. AC ¶¶ 1, 262. Even under the "heightened pleading standards set forth in the PSLRA and Rule 9(b)," Masimo's "expenditure of company resources in waging the proxy contest" based on "material misrepresentations" in the Politan Proxy Statements "constitute legal damages compensable under Section 14(a)." *Enzo*, 2021 WL 4443258 at *9.

---

[3] *Enzo* similarly involved Michael Swartz and Randall Adams of shareholder activist firm Schulte Roth & Zabel LLP, who defended activist investor Harbert Discovery.

Defendants' attempt to minimize the import of *Enzo* is unavailing. First, that other courts have not yet had occasion to consider *Enzo* (Dkt. No. 140 at 31) is irrelevant. Defendants complain that other courts in the Second Circuit have not yet "followed" the *Enzo* court's ruling, *id.*, but do not cite any case (and Plaintiff is not aware of any) in the Second or Ninth Circuits or otherwise where a court *rejected* the holding in *Enzo*. It remains good authority. Second, *Rubenstein v. Adamany*, 2022 WL 6592503, at *6 n.8 (S.D.N.Y. Oct. 5, 2022) did not, as Defendants urge, narrow the holding in *Enzo*. Dkt. No. 140 at 31. *Rubenstein* only underscores why loss causation is established here: the court distinguished between a proxy contest, on the one hand, and an ordinary course uncontested annual election of directors, on the other, where the plaintiff would not have recovered additional "out-of-pocket expenses" sufficient to show damages. 2022 WL 6592503, at *6 n.8. The Complaint is clear that here, like *Enzo*, Masimo is engaged in a high-stakes proxy contest where advisors have been hired to go well beyond what would be required in an uncontested director election cycle—including issuing public rebukes and ultimately filing litigation to enforce Plaintiff's rights and correct Politan's lies. *See* supra n.2.

Defendants' reliance on *Hubner v. Mayer*, 2015 WL 12513581 (C.D. Cal. June 8, 2015), likewise does not change the outcome: there, the plaintiffs did not even attempt to plead loss causation; they simply argued that *N.Y.C. Employees'* should not actually require it—an argument the court rejected. *Hubner*, at *6, 8.

Here, Plaintiff has easily pled out-of-pocket losses directly tied to Defendants' misstatements. No additional allegation is required. And Plaintiff has demonstrated likelihood of success on the merits by providing evidence of these losses.

### B.   Defendants' Lies Will Continue to Harm Masimo If Uncorrected

Plaintiff can also plead loss causation by showing that directors elected through misinformation have caused harm to the Company. *See In re Wells Fargo & Co. S'holder Derivative Litig.*, 282 F. Supp. 3d 1074, 1105 (N.D. Cal. 2017) (finding loss causation adequately alleged in a derivative action when "shareholders

suffered a loss as a result of their vote to re-elect Board members based on false or misleading information in the Proxy Statements"); *see also Emps. Ret. Sys. of City of St. Louis v. Jones*, 2021 WL 1890490, at *15 (S.D. Ohio May 11, 2021) (finding re-election of director defendants "based on false and misleading proxy statements" was sufficient in a derivative action to allege loss causation because it "enabled them to continue an illicit sales scheme"). This is precisely the crux of Masimo's Complaint: Koffey and others at Politan have intentionally spread misinformation about Masimo and its founder, Joe Kiani, in order to take control of the Company. *See, e.g.*, AC ¶¶ 153–257. While that harm may not have fully come to fruition **yet**, this is the very nature of seeking injunctive relief: to **prevent** an imminent harm from taking place. And, as amply described in the Complaint, this harm has already started to materialize and will only get worse.[4]

If Politan's omissions regarding this activity are not corrected before the vote, the stockholders might unknowingly elect someone who has already caused, and will continue to cause, damage to Masimo—just like the loss causation adequately alleged in *Wells Fargo*, 282 F. Supp. 3d at 1105. As a matter of policy, that should be enough: the whole point of injunctive relief is to *prevent* an imminent harm from happening before it cannot be undone. It would make little sense to require a plaintiff to prove the entirety of their losses before injunctive relief can issue.

## IV. CONCLUSION

Plaintiff respectfully requests that the Court find that Plaintiff has shown a likelihood of success on the element of loss causation for its Section 14(a) claim.[5]

---

[4] *See, e.g.*, AC ¶¶ 118–120 (Politan timed press release to keep Masimo's stock price low); *id.* ¶¶ 122–126 (Koffey jeopardized joint venture); *id.* ¶¶ 2–3, 16–17, 23, 63, 81, 91–100 (Koffey dug up dirt on Masimo with former employees); *id.* ¶ 264 (280 highly skilled Masimo engineers threatened to leave "if Joe Kiani is replaced by Quentin Koffey and Politan Capital"); *see also* Exs. 64, 72, 77.

[5] To the extent the Court finds Plaintiff's allegations insufficient or believes that Plaintiff must specifically request monetary damages based on the allegations described herein (and to the extent not already captured by AC Section XV ¶ h), Plaintiff respectfully requests leave to amend its complaint to cure any deficiencies.

| | |
|---|---|
| Dated: September 4, 2024 | Respectfully submitted,<br><br>LATHAM & WATKINS LLP<br><br>By /s/Michele D. Johnson<br>Michele D. Johnson (SBN 198298)<br>Kristin N. Murphy (SBN 268385)<br>Jordan D. Cook (SBN 293394)<br>650 Town Center Drive, 20th Floor<br>Costa Mesa, CA 92626<br>T: (714) 540-1235<br>F: (714) 755-8290<br>michele.johnson@lw.com<br>kristin.murphy@lw.com<br>jordan.cook@lw.com<br><br>Colleen C. Smith (SBN 231216)<br>12670 High Bluff Drive<br>San Diego, California 92130<br>T: (858) 523-5400<br>F: (858) 523-5450<br>colleen.smith@lw.com<br><br>Matthew Rawlinson (SBN 231890)<br>140 Scott Drive<br>Menlo Park, CA 94025<br>T: (650) 328-4600<br>F: (650) 463-2600<br>matt.rawlinson@lw.com<br><br>Robert J. Ellison (SBN 274374)<br>10250 Constellation Blvd., Suite 1100<br>Los Angeles, CA 90071<br>T: (213) 485-1234<br>F: (213) 891-8763<br>robert.ellison@lw.com<br><br>Kathryn George (*Pro Hac Vice*)<br>330 N. Wabash Ave., Suite 2800<br>Chicago, IL 60611<br>T: (312) 876-7700<br>F: (312) 993-9767<br>katie.george@lw.com<br><br>*Attorneys for Plaintiff Masimo Corporation* |