BETHANY W. KRISTOVICH (SBN 241891)
bethany.kristovich@mto.com
JOHN M. GILDERSLEEVE (SBN 284618)
john.gildersleeve@mto.com
JULIANA M. YEE (SBN 304564)
juliana.yee@mto.com
ANNE K. CONLEY (SBN 307952)
anne.conley@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:  (213) 683-9100
Facsimile:  (213) 687-3702

MICHAEL E. SWARTZ *(pro hac vice)*
michael.swartz@srz.com
RANDALL T. ADAMS *(pro hac vice)*
randall.adams@srz.com
FRANK W. OLANDER *(pro hac vice)*
frank.olander@srz.com
MINJI REEM *(pro hac vice)*
minji.reem@srz.com
SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, New York 10022
Telephone:  (212) 756-2000
Facsimile:  (212) 593-5955

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>POLITAN CAPITAL MANAGEMENT LP, et al.,<br><br>Defendants. | Case No. 8:24-cv-01568-JVS-JDE<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEFING**<br><br>Judge:   Hon. James V. Selna<br>Ctrm:    10C |

Defendants submit this response to Plaintiff Masimo's September 4, 2024 supplemental brief ("Br.," Dkt. No. 151) pursuant to the Court's August 29, 2024 Minute Order ("Order," Dkt. No. 136).

## I. THE ANSWER TO THE COURT'S QUESTION IS *YES*.

Masimo does not answer the question the Court asked: Whether Masimo's failure to plead loss causation "bars this Court from issuing a preliminary injunction where only equitable relief is sought by the plaintiff." Order 2. The answer is "yes." The Court cannot order as preliminary relief what it cannot order as final relief. *De Beers Consol. Mines v. U.S.*, 325 U.S. 212, 220 (1945). Accordingly, the failure to allege an essential element of a claim, here loss causation, is fatal to a preliminary injunction motion. *See, e.g.*, *Eisner v. Meta Platforms, Inc.*, 2024 WL 3228089 (N.D. Cal. June 28, 2024). Masimo argues instead that it has alleged loss causation. Masimo is wrong for the reasons below.[1]

## II. ADVISORY FEES ARE NOT COGNIZABLE ECONOMIC LOSSES

Masimo claims that it adequately pled loss causation for purposes of its Section 14(a) claim based on the fees it paid advisors and lawyers in the proxy contest and related litigation (the "Advisory Fees").[2] Not so. In almost all cases, "losses caused by the election of directors are simply too indirect to find an 'essential link' under Section 14(a)." *City of Pontiac Gen. Emps.' Ret. Sys. v. Bush*, 2022 WL 1467773, at *5 (N.D. Cal. Mar. 1, 2022).

A plaintiff must allege that the misleading proxy statement "caused the plaintiff injury *and* that the proxy solicitation itself, rather than the particular defect

---

[1] In a footnote, Masimo requests leave to amend. Because any amendment would be futile, leave should be denied. The Advisory Fees cannot, as a matter of law, constitute losses for loss causation, and the allegations cannot, as a matter of law, fit into any purported exception created by *Wells Fargo*.

[2] No Advisory Fees are actually alleged in Masimo's Amended Complaint. (Dkt. No. 132.) The two complaint paragraphs Masimo cites to in its brief are sweeping, conclusory allegations devoid of any detail. Br. 2 (citing Am. Compl. ¶¶ 268, 271).

1

in the solicitation materials, was an essential link in the accomplishment of the transaction." *N.Y. City Emps.' Ret. Sys. v. Jobs*, 593 F.3d 1018, 1022 (9th Cir. 2010) (subsequent history omitted) (cleaned up and emphasis added). "In well-pleaded Section 14(a) claims, loss causation connects the proxy misstatements with an actual economic harm." *Id*. at 1023.

Loss causation "can only be established when the proxy statement at issue *directly authorizes* the loss-generating corporate action." *Advanced Advisors G. P. v. Berman*, 2014 WL 12772264, at *14 (C.D. Cal. Sept. 16, 2014) (quoting *Kelley v. Rambus, Inc.*, 2008 WL 5170598, at *7 (N.D. Cal. Dec. 9, 2008), *aff'd*, 384 F. App'x 570 (9th Cir. 2010)) (emphasis in original). Accordingly, **"[c]ourts routinely reject Section 14(a) claims based on the election of directors because the losses are indirect."** *City of Pontiac*, 2022 WL 1467773, at *5 (cleaned up and emphasis added).[3] The reason that allegations regarding director elections typically fail is that the source of **the economic loss must be the transaction about which investors were asked to vote**.

Masimo's Advisory Fees cannot constitute economic loss for purposes of loss causation because shareholders are not being asked to vote on the Advisory Fees. Rather, they are being asked to vote on the election of directors. The Advisory Fees were incurred incidentally to the proxy contest itself; they are not the subject of the proxy contest. Indeed, no court in the Ninth Circuit has ever found that proxy-related fees constitutes economic harm for purposes of for loss causation.

With no Ninth Circuit authority to rely on, Masimo spends nearly a third of its brief urging the Court to follow *Enzo Biochem, Inc. v. Harbert Discovery Fund, LP*, 2021 WL 4443258 (S.D.N.Y. Sept. 27, 2021), an out-of-Circuit decision that has never been followed by any court and that departs from this Circuit's clear

---

[3] In contrast, loss causation is a lower pleading hurdle when the transaction at issue is a merger or tender offer, as the alleged economic loss is directly tied to the subject matter of the vote.

2

precedents (most of which Masimo fails to address in its brief).

Masimo misreads *Enzo* in any event. In *Enzo*, there were two proxy contests at issue. In the 2019 contest, two shareholder-nominated directors were elected. *Enzo* at 2-3. They served for less than a year then resigned, creating two vacancies. *Id.* at 3. The company argued that misleading statements made in 2019 about unqualified directors who did not serve out their terms *caused* there to be a second proxy contest in 2020, *causing* the company to incur additional fees. *See Memorandum of Law in Opposition to Motion to Dismiss* at 25, *Enzo*, 2021 WL 4443258 (No. 1:20-cv-09992-PAC), ECF No. 32. The following year, Judge Crotty, the author of *Enzo*, made clear that *Enzo* turned on this particular fact pattern. *See Rubenstein v. Adamany*, 2022 WL 6592503, at *6 n.8 (S.D.N.Y. Oct. 5, 2022).

As Judge Crotty explained in *Rubenstein*, "[u]nlike the *Enzo* proxy contest, which may never have taken place if not for the misleading proxy … the elections here take place each year without fail." *Id*. Masimo argues that this statement was based on a distinction between contested and uncontested elections (Br. 4); it was not. Judge Crotty was relying on the allegation that misleading 2019 proxy statements had been the *cause* of the 2020 proxy contest, a unique fact pattern that bears no resemblance to this case.

The Second Circuit's affirmance of *Rubenstein* makes clear that *Enzo* is not good law, even in the Second Circuit. The Second Circuit held that the plaintiff failed to allege loss causation arising from excessive executive compensation: "Because the shareholders did not *directly approve* of any aspect of executive compensation, Rubenstein cannot plausibly allege that the misleading proxy statements *caused* [the company] to pay millions of dollars in undisclosed perquisites to its executives." *Rubenstein v. Adamany*, 2023 WL 6119810, at *4 (2d Cir. Sept. 19, 2023) (emphasis added). Just as the shareholders in *Rubenstein* did not directly approve executive compensation, Masimo's shareholders are not being asked to directly approve Masimo's Advisory Fees.

Finally, even if Advisory Fees were cognizable, Masimo's argument that its fees were incurred as a result of purported misstatements and omissions in this year's Proxy Materials is not true because Masimo would have incurred the fees anyway. Last year, there was a hotly contested proxy contest, no Section 14(a) claim was made, and Masimo issued responsive proxy statements to the same, if not greater, extent that it did this year. *See* Swartz Decl. Exs. 1 to 9.

### III. MASIMO CANNOT RELY ON *WELLS FARGO*

As a Hail Mary, Masimo offers an "alternative" loss causation theory of dubious validity, which, as even Masimo acknowledges, applies only where directors are **re-elected** based on **ongoing fraudulent** conduct. Br. at 4-5.[4] Masimo's argument ignores its Amended Complaint, which focuses on the purported need to "set the record straight" about alleged misstatements about Quentin Koffey's and Michelle Brennan's service on the Masimo board. Am. Compl. ¶ 24. But neither of them is up for re-election. This election concerns other director candidates who are independent of Politan. Indeed, in its Amended Complaint, Masimo removed those individuals as defendants, acknowledging that their election would not harm the Company. *Compare* Compl. (Dkt. No. 1) (including as defendants William Jellison and Darlene Solomon), *with* Am. Compl.

Masimo seeks to rely on *In re Wells Fargo & Co. Shareholder Derivative Litigation*, 282 F. Supp. 3d 1074 (N.D. Cal. 2017), in which Judge Tigar departed from the long-standing "principle articulated by Judge Alsup—and restated by other courts in th[e] district"—that "[a] claim that the reelection of the directors was an essential link to loss-generating corporate action because of the directors' subsequent mismanagement cannot form the basis of liability under Section 14(a)." *Id.* at 1102, 1105 n.11 (cleaned up). Judge Tigar departed from well-established precedent on the ground that "Plaintiffs' allegations go far beyond simple

---

[4] Masimo's parentheticals of case descriptions acknowledge that they pertain to votes to "re-elect" or for the "re-election" of board members. *Id.* at 5.

4

mismanagement" by alleging "that the Director Defendants perpetrated a fraud …." *Id*. at 1005. The Ninth Circuit has not adopted *Wells Fargo* and this Court has no obligation follow it.[5]

The case arose out of Wells Fargo's widespread practice of creating fraudulent accounts to generate fees, a highly-publicized scandal that rocked the banking industry. The plaintiff alleged that the board had played a direct role in this fraudulent activity that was so extreme and damaging, such that their re-election was itself a loss-causing transaction.

Masimo makes no comparable allegation. Moreover, central to the holding in *Wells Fargo* was that the proxy related directly to re-electing directors who had damaged the company through fraud. Here, <u>no Defendant is up for re-election</u>. *Wells Fargo* has no bearing on this case and cannot excuse Masimo's failure to plead loss causation.

Masimo also relies on *Employees Retirement System of the City of St. Louis v. Jones, et al.*, 2021 WL 1890490 (S.D. Ohio May 11, 2021), a case that cited *Wells Fargo* and in which "plaintiffs allege[d] far more than mere mismanagement or an isolated act" and instead "set forth in detail that the Director Defendants" up for re-election had "orchestrat[ed] a large bribery, racketeering, and pay-to-play scheme with Ohio politicians." *Id.* at *1. The court there acknowledged that the loss causation theory was justified only by the "unique nature" of the allegations. *Id.* at *17. Here, again, none of the Defendants is up for re-election and none is alleged to have engaged in an ongoing fraud or to have done anything remotely resembling these extreme facts.

---

[5] *See, e.g.*, *In re Paypal Holdings, Inc. S'holder Derivative Litig.*, 2018 WL 466527, at *4 (N.D. Cal. Jan. 18, 2018); (distinguishing *Wells Fargo* on Section 14(a) loss causation); *City of Detroit Police & Fire Ret. Sys. on Behalf of NiSource Inc. v. Hamrock*, 2021 WL 877720, at *7 (D. Del. Mar. 9, 2021) (expressly declining to follow *Wells Fargo* as being inconsistent with Third Circuit precedent).

DATED: September 6, 2024

By:   */s/ Bethany W. Kristovich*
     Bethany W. Kristovich

BETHANY W. KRISTOVICH (SBN 241891)
bethany.kristovich@mto.com
JOHN M. GILDERSLEEVE (SBN 284618)
john.gildersleeve@mto.com
JULIANA M. YEE (SBN 304564)
juliana.yee@mto.com
ANNE K. CONLEY (SBN 307952)
anne.conley@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:  (213) 683-9100
Facsimile:   (213) 687-3702

MICHAEL E. SWARTZ *(pro hac vice)*
michael.swartz@srz.com
RANDALL T. ADAMS *(pro hac vice)*
randall.adams@srz.com
FRANK W. OLANDER *(pro hac vice)*
frank.olander@srz.com
MINJI REEM *(pro hac vice)*
minji.reem@srz.com
SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, New York 10022
Telephone:  (212) 756-2000
Facsimile:   (212) 593-5955
*Attorneys for Plaintiff*

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants, certifies that this brief does not exceed five (5) pages in length, and complies with the Court's order at Dkt. 136.

By: /s/ *Bethany W. Kristovich*
Bethany W. Kristovich