BETHANY W. KRISTOVICH (SBN 241891)
bethany.kristovich@mto.com
JOHN M. GILDERSLEEVE (SBN 284618)
john.gildersleeve@mto.com
JULIANA M. YEE (SBN 304564)
juliana.yee@mto.com
ANNE K. CONLEY (SBN 307952)
anne.conley@mto.com
JEREMY P. LEWIN (SBN 348788)
jeremy.lewin@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:  (213) 683-9100
Facsimile:  (213) 687-3702

MICHAEL E. SWARTZ *(pro hac vice)*
michael.swartz@srz.com
RANDALL T. ADAMS *(pro hac vice)*
randall.adams@srz.com
FRANK W. OLANDER *(pro hac vice)*
frank.olander@srz.com
MINJI REEM *(pro hac vice)*
minji.reem@srz.com
SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, New York 10022
Telephone:  (212) 756-2000
Facsimile:  (212) 593-5955

Attorneys for Defendants

**REDACTED VERSION OF DOCUMENT TO BE FILED UNDER SEAL**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION,<br><br>    Plaintiff,<br><br>vs.<br><br>POLITAN CAPITAL MANAGEMENT LP, et al.,<br><br>    Defendants. | Case No. 8:24-cv-01568-JVS-JDE<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ORDER FINDING DEFENDANTS IN CONTEMPT**<br><br>Judge:   Hon. James V. Selna<br>Ctrm:    10C<br><br>Filed concurrently: Swartz Decl. |

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................1

II. BACKGROUND ................................................................................................2

III. LEGAL STANDARD .........................................................................................4

IV. ARGUMENT ......................................................................................................5

    A. Any Delay of the Shareholder Vote Would Be Improper and Severely Prejudicial ................................................................................5

    B. Masimo Fails To Satisfy Its Burden to Show that Politan Has Done Anything to Justify Civil Contempt .................................................6

    C. The Relief Masimo Seeks Is Overbroad and Improper .........................7

        1. A Week Delay in the Shareholder Meeting Would Not Redress Masimo's Purported Injury ...............................................7

        2. Masimo Seeks an Impermissible Prior Restraint on Politan's Speech ..........................................................................8

    D. Masimo Is Not Without Fault ................................................................8

    E. Masimo's Contempt Motion is Procedurally Improper and Failed to Provide Defendants with Sufficient Notice ....................................10

V. CONCLUSION ................................................................................................11

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Dissatisfied with the outcome of its bid to stop the upcoming shareholder vote, Masimo resorts to a motion for a contempt order seeking extraordinary relief: a broad restraint against Politan's exercise of its speech rights that would bar Politan from making "any further statements regarding the [Court's] order" in these critical days leading up to the shareholder vote; as well as a *one-week* delay of the shareholder vote. Masimo justifies these extreme remedies by its claimed need to "correct the false impression that Defendants have now created" by its "one-sided view of the ruling." But the disclosure about which it complains is undeniably true and not confidential or proprietary in any way: Politan's press release states that the Court denied Masimo's motion for a preliminary injunction and noted that the order remained under seal. That is not false, misleading, or any basis for the sanctions Masimo seeks. Nor is the disposition of the Court's ruling confidential or proprietary information that Masimo is entitled to control. The fact of the Court's order is on the public docket. The prejudice about which Masimo complains flows from the Court's denial of its motion—not from any purported violation of a court order by Defendants.

Masimo has not come close to meeting its high burden of showing that Politan violated a specific and definite order of the court justifying contempt. The Court's order is sealed but does not prohibit the disclosure of the outcome of the motion. Politan took care to ensure that its press release did not disclose any confidential information. Politan's press release did not discuss or describe the contents of the Court's order. The press release does not allude to any particular court findings or rationale. Politan expressly acknowledged in the press release that the order remained under seal. (*See* Swartz Decl., Ex. 1.)

Masimo, on the other hand, took no such care. Masimo issued its own press release this morning falsely implying that the Court *granted* the injunction and made

specific Court findings in the sealed order, suggesting that the Court ordered Politan to make certain corrective disclosures. (*Id.* Ex. 2.) Masimo's press release this morning asserted that its "lawsuit *forced* Politan and Quentin Koffey to issue corrective disclosures on *false and misleading statements* made to Masimo stockholders on issues *material* to the proxy contest." (*Id.* Ex. 2 (cleaned up; emphasis added).) It described those allegedly "false and misleading statements" in detail, enumerating its unsubstantiated claims that "Politan and Quentin Koffey lied about the Spin-Off," the "Board's role in the Sale Process," and the "Outcome of the Sale Process." (*Id.*) ███████████████████████████████████████████████ The unmistakable implication of Masimo's misleading press release is that the Court found those three statements "false and misleading" in its final order and issued an injunction "forc[ing]" Politan to issue corrective disclosures. Masimo's suggestion that its "hands were tied" with respect to any response rings hollow, and it is Politan that is actually prejudiced by the inability to respond to Masimo's misleading statements.

The Court should deny the *ex parte*.

## II.   BACKGROUND

On Monday, September 9, the Court held a public hearing on Masimo's motion for preliminary injunction. (Dkt. 194.) At no point did either party move to seal the courtroom, despite engaging in lengthy and detailed discussion of the Court's tentative order, which was issued under seal. Instead, both parties provided the Court hard copies of their presentation decks containing confidential or AEO materials and avoided mentioning in open court any of the confidential information. (*See* 9/9/2024 Hr'g Tr. at 1:22-25.)[1] At the conclusion of the hearing, counsel for

---

[1] The final transcript of the hearing is not yet available. Citations are to the currently-available draft transcript.

Masimo asked as a "housekeeping note" that that Court consider maintaining under seal "just the names of the confidential witnesses from the securities case and the name of the JV partner" in its public order. (*Id.* at 55:8-15.)

The Court issued its order denying the preliminary injunction motion on Wednesday, September 12. (Dkt. No. 201.) The order was issued under seal, and ████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████. It does not specifically or definitely prohibit disclosure of its disposition.

The following morning, Politan and Masimo each issued press releases. (*See* Swartz Decl., Exs. 1, 2.) Before Politan published its release, it asked counsel to review the release and confirm the information contained therein could be publicly disclosed; counsel reviewed before publication. (Swartz Decl. ¶ 9.) Politan's press release was matter-of-fact, stating that the Court had issued an order denying the motion for a preliminary injunction, such that shareholders should expect the vote to proceed as scheduled. Politan expressly noted that the substance of the Court's order remained under seal for the time being. (Ex. 1.)

Masimo was not so reserved. As it has throughout this litigation, *see id.* Exs. 3-4, Masimo provided its preemptive commentary on the lawsuit. It stated that its lawsuit "forced" Politan and Quentin Koffey to "Issue Corrective Disclosures on False and Misleading Statements ... on Issues Material to the Proxy Contest." (*Id.* Ex. 2.)

Shortly before filing this *ex parte* application, counsel for Masimo contacted counsel for Politan to "demand that your client immediately retract the press release" and stated, prior to any attempts to meet and confer, that Masimo would be moving *ex parte* for sanctions. (*Id.* Ex. 7 [Connelly 9/12 7:24 AM PT email]. Masimo initially refused to identify what portions of the Politan press release it believed revealed any of the substance of the Court's order, and did not state a basis for any belief that the fact of the order, rather than its contents, was confidential or

proprietary.  (*See id.*)  Masimo's counsel has since made clear that its only objection to Politan's press release is the disclosure of the "ruling itself."  (*Id.* Ex. 7 [Connelly 9/12 11:32 AM PT email].)

At 10:33 AM PT this morning, over an hour before Masimo filed this *ex parte* application, Defendants sent Plaintiff a proposed highlighted version of the Court's order for redactions.  (*Id.* Exs. 5-6.)  Defendants' proposed redactions mirror the limited pieces of information that Masimo identified at the hearing as requiring redaction.  (See *id.* Ex. 6; 9/9/2024 Hr'g Tr. at 55:8-15.)  But rather than facilitate public dissemination of the Court's decision, Masimo chose to seek to manufacture an issue where there is none in an effort to gain an unwarranted strategic advantage in the upcoming election.  Masimo indicated that it was unsatisfied and would be proceeding to file this application.  (Swartz Decl., Ex. 7 [Connelly 9/12 10:56 AM PT email].)

## III. LEGAL STANDARD

*Ex parte* applications are "rarely justified."  *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995).  To justify *ex parte* relief, the moving party must establish: (1) "that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) "that the moving party is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect."  *Id.* at 492.

To justify a civil contempt finding, the party seeking the finding bears the burden of showing through clear and convincing evidence that the party to be held in contempt "violated a specific and definite order of the court."  *FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1239 (9th Cir. 1999).  "[A] person should not be held in contempt if his action 'appears to be based on a good faith and reasonable interpretation of the [court's order].'"  *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993) (quoting *Vertex Distrib., Inc. v.*

*Falcon Foam Plastics, Inc.*, 689 F.2d 885, 889 (9th Cir. 1982)). "'Substantial compliance' with the court order is a defense to civil contempt, and is not vitiated by 'a few technical violations' where every reasonable effort has been made to comply." *Id.*

## IV. ARGUMENT

### A. Any Delay of the Shareholder Vote Would Be Improper and Severely Prejudicial

This *ex parte* application is a transparent attempt to obtain the relief that Masimo failed to obtain through its preliminary injunction motion.

Following its order granting Masimo's request for expedited briefing, extensive discovery, a lengthy, reasoned tentative, and a full hearing attended by the press during which both sides presented argument, the Court denied Masimo's motion. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. *See Mills v. Elec. Auto-Lite Co.*, 396 U.S. 375, 381 (1970) (Section 14(a) "stemmed from a congressional belief that … corporate suffrage is an important right … [and] was intended to promote the free exercise of the voting rights of stockholders"). If the Court grants Masimo's *ex parte* application to delay the annual meeting now, it would be giving Masimo the very relief that it has already denied.

Defendants would be severely prejudiced by any action that delays the already postponed annual meeting and their opportunity, consistent with their basic franchise rights, to vote on the candidates for Masimo's board. Defendants have expended considerable time, money, and effort engaging openly in the proxy process, issuing supplemental disclosures, and litigating this case.

Masimo, conversely, suffers no cognizable harm from a timely annual meeting. *See, e.g., Eisner v. Meta Platforms, Inc.*, 2024 WL 3228089, at *7 (N.D. Cal. June 28, 2024) (noting equitable relief not justified in Section 14(a) context because defendant had "had already expended significant resources with the

expectation that the meeting would go forward as planned" and [b]y contrast, Plaintiff suffered no obvious harm by the meeting and votes going forward as planned").

### B. Masimo Fails To Satisfy Its Burden to Show that Politan Has Done Anything to Justify Civil Contempt

Masimo's motion fails to satisfy the high standard for civil contempt.  As an initial matter, Masimo fails to identify any "specific and definite" part of the Court's order that Politan's careful statement allegedly violated.  *Affordable Media, LLC*, 179 F.3d at 1239.  Nor does Masimo come close to showing that Politan's narrow disclosure, as explained by counsel, was not "based on a good faith and reasonable interpretation of the [court's order]" or that it did not "substantial[ly] compl[y]" with the sealed nature of the Court's Order.  *In re Dual-Deck Video*, 10 F.3d at 695.

Unlike Masimo, Politan took care to observe and acknowledge the sealed nature of the Court's order when it issued a press release that expressly did not comment on the underlying substance of the Court's reasoning, findings, or any other information designated confidential by the parties.  Politan first checked with counsel before publishing anything. (Swartz Decl. ¶ 9.)  Its release disclosed only the outcome of the Court's ruling: the denial of the preliminary injunction motion and the fact it was sealed, nothing more. (*See* Swartz Decl., Ex. 1.)  The ultimate disposition of the Court's ruling is not "one-sided" or confidential.  Masimo has offered no substantive explanation as to why it would be confidential.  As Masimo itself stated at the hearing, the only information it regards as confidential are the identities of certain confidential witnesses and the joint venture partner, neither of which are identified or discussed in Politan's press release. (*See id.*; 9/9/2024 Hr'g Tr. at 55:8-15.)

By contrast, Masimo's own press release directly alluded to the contents of the Court's sealed order, indeed, created a misleading impression that the Court

granted the injunction. (*See* Swartz Decl. Ex. 2.) If anything, Masimo's press release created a distorted view of the Court's ruling.

### C. The Relief Masimo Seeks Is Overbroad and Improper

The sweeping relief Masimo seeks is neither calibrated to coerce obedience with any order of the Court or to compensate Masimo for any non-illusory harm. Sanctions for civil contempt may be imposed to "coerce obedience to a court order, or to compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior." *Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986) (citing *United States v. United Mine Workers*, 330 U.S. 258, 303–04 (1947). Here, Masimo transparently seeks—without any supporting authority—relief intended only to advance its interests in the ongoing proxy contest.

#### 1. A Week Delay in the Shareholder Meeting Would Not Redress Masimo's Purported Injury

Masimo's claimed injuries do not justify the sweeping relief it seeks. Masimo points to an article reporting that the Court "denied an effort by Masimo" to block the upcoming director contest and demands a *week-long* delay of the shareholder vote, claiming that such time would give Masimo "an opportunity to correct the false impression that Defendants have now created, and so the stockholders can have an opportunity to digest the corrected record." (Dkt. 202 at 4.) Defendants did not create any "false impression." Instead, Defendants merely stated the objective and simple fact that the Court denied Masimo's motion. Being forced to face the inevitable press coverage of Masimo's failed preliminary injunction motion is not prejudice.

Masimo's argument that stockholders need "an opportunity to digest the corrected record" likewise falters, because there is nothing to correct. The Court will issue a public version of its order, ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ That is in advance of the shareholder meeting on September 19, 2024. Shareholders will see the Court's full

reasoning at that time. They should not be forced to undergo the confusion and tumult of a new shareholder meeting for the stated purpose of "digest[ing]" Masimo's characterizations of the order, which speaks for itself.

### 2. Masimo Seeks an Impermissible Prior Restraint on Politan's Speech

Masimo's requested relief also constitutes an impermissible and unconstitutional prior restraint on Politan's speech in the key days ahead of the contested proxy vote. *See Alexander v. United States*, 509 U.S. 544, 550 (1993) ("[C]ourt orders that actually forbid speech activities—are classic examples of prior restraints."). Masimo demands a Court order broadly to "restrain Defendants from issuing any further statements regarding the order until after the sealing issues have been addressed." (Dkt. 202 at 4). Masimo's proposed restriction purports to bar Defendants from commenting on anything relating to the order, including public information regarding the *fact* or timing of the order. As the Supreme Court has repeatedly emphasized, "prior restraints on speech and publication are the most serious and the least tolerable infringement on First Amendment rights." *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 559 (1976). A prior restraint, "by definition, has an immediate and irreversible sanction" in "chill[ing]" speech, *id.*, and "bear[s] a heavy presumption against its constitutional validity," *Capital Cities Media, Inc. v. Toole,* 463 U.S. 1303, 1305 (1983) (citation omitted). Masimo's prior restraint is especially inappropriate given the context of the ongoing proxy contest—with the annual meeting now less than a week away. Depriving Politan of the opportunity to communicate with shareholders, while allowing Masimo unfettered opportunity to do so, only serves the manifestly improper purposes of depriving shareholders of important information and giving Masimo an unfair advantage in the proxy contest.

### D. Masimo Is Not Without Fault

Nor can Masimo demonstrate, as it must to obtain *ex parte* relief, that it is without fault in generating the circumstances it now seeks extraordinary relief to

rectify. *See Erichsen v. Cnty. of Orange*, 677 F. App'x 379, 380 (9th Cir. 2017) (citation omitted) (denial of *ex parte* relief appropriate because movants did "not establish they were 'without fault in creating the crisis that requires ex parte relief'"). As noted, Masimo's complaint about disclosure of the Court's order on its preliminary injunction motion rings hollow given that Masimo put out its own press release after the Court's final Order issued, asserting that its "lawsuit forced Politan to issue several new disclosures," identified in extensive detail, to "correct its false and misleading statements and to provide material information Politan previously concealed from Masimo stockholders, ISS and Glass Lewis." (Swartz Decl., Ex. 2.)

Further, Masimo has it backwards. ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

Masimo's press release states that "Masimo's lawsuit *forced* Politan to issue several new disclosures, *including on the morning of the hearing*, to correct its false and misleading statements and to provide material information Politan previously concealed from Masimo stockholders, ISS and Glass Lewis. These false and misleading statements *include*: . . . ." (Swartz Decl., Ex. 2 (emphasis added).) Now, Masimo has given shareholders the false impression that Defendants were required by the Court to make supplemental disclosures when, in fact, Defendants were trying to remove any notion that they would permit misstatements to remain in their proxy materials unless ordered to correct them.

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■


DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER FINDING DEFENDANTS IN CONTEMPT

1 [REDACTED]
2 [REDACTED]
3 [REDACTED]
4 [REDACTED]

Finally, to the extent that Masimo asserts it is prejudiced by its inability to publicly discuss the Court's order in response to Politan's statement—an assertion belied by Masimo's own press release (Swartz Decl., Ex. 2)—Defendants promptly provided Masimo with a set of narrow proposed redactions that would permit the order to be substantially unsealed, consistent with the Court's instructions and consistent with the redactions proposed by Masimo's counsel on the record before the Court. (*See* Dkt. 201, Order at 50; Swartz Decl. Exs. 5-6; /9/2024 Hr'g Tr. at 55:8-15.) Masimo had this proposal from Defendants before it filed this *ex parte* application. Given that Masimo did not respond to Defendants' proposed redactions or offer any proposal of its own to promptly unseal the Court's order, and that it issued its own press release before filing this application, Masimo's objection that it is disadvantaged by the sealed nature of the order is both entirely disingenuous and a circumstance of its own making.

### E. Masimo's Contempt Motion is Procedurally Improper and Failed to Provide Defendants with Sufficient Notice

Finally, Masimo's motion is procedurally improper for various reasons. Masimo filed its application for *ex parte* relief without seeking an Order to Show Cause. *Cf. Alcalde v. NAC Real Est. Invs. & Assignments, Inc.*, 580 F. Supp. 2d 969, 971 (C.D. Cal. 2008) ("Contempt proceedings are instituted by the issuance of an Order to Show Cause ("OSC") why a contempt citation should not issue and a notice of a date for the hearing"); *Thomas v. State Farm Gen. Ins. Co.*, 2021 WL 10829175, at *2 (C.D. Cal. Nov. 3, 2021) (same); *see also Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 495 (9th Cir. 1983). It also failed to provide Defendants adequate notice of its intention to seek contempt sanctions. Masimo's

counsel provided Defendants with less than two hours of notice before filing its *ex parte* application seeking sweeping and constitutionally dubious relief. (Swartz Decl., Ex. 7.)

## V. CONCLUSION

Defendants respectfully request that the Court deny Masimo's *ex parte* application.

DATED: September 12, 2024

By:    */s/ Bethany W. Kristovich*
BETHANY W. KRISTOVICH
Attorneys for Defendants

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants, certifies that this brief contains 3,321 words, which complies with the word limit of L.R. 11-6.1.

DATED: September 12, 2024

By: */s/ Bethany W. Kristovich*
BETHANY W. KRISTOVICH
Attorneys for Defendants