# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-01568-JVS-JDE | Date | September 13, 2024 |
| Title | Masimo Corporation v. Politan Capital Management LP et al | | |

Present: The Honorable   **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **[IN CHAMBERS] Order Regarding Contempt Proceeding**

On September 11, 2024, the Court issued an under seal ruling on Masimo Corporation's ("Masimo") Motion for a preliminary injunction with respect to Politan Capital Management LP's ("Politan") disclosures and omissions in proxy materials. (Docket No. 201 (under seal)). The attorneys for both parties were provided copies of the Court's Order that same day. Before issuing a public version of the ruling, the Court invited the parties to submit proposed redactions not later than noon September 13, 2024. (Id. at 50.)

On September 12, 2024, before the release of a public version of the order, Politan issued a press release disclosing the Court's denial of the request for an injunction. (Declaration of Robert Ellison ("Ellison Decl."), Docket No. 202-1, Ex. B, at 1.) On the same day, Masimo applied for an order holding Politan and others in contempt for releasing information contained in the Order. (Docket No. 202.) Politan replied. (Docket No. 208.)

The Court held a hearing on September, 13, 2024, and held Politan and Quentin Koffey in contempt for the disclosure.

Turning to the Supreme Court's decision in Taggart v. Lornezen, 587 U.S. 554, 561–62 (2019)[1], the Court held, by clear and convincing evidence:

---

[1] Accord In re Dual-Deck Video Cassette Recorder Antitrust Litig., 10 F.3d 693, 695 (9th Cir. 1993).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:24-cv-01568-JVS-JDE          Date   September 13, 2024

Title   Masimo Corporation v. Politan Capital Management LP et al

     1.  Politan had violated the Court's sealing order.[2]  Any reasonable person would understand that no portion of the sealed document could be disclosed without the permission of the Court.

     2.  Politan's disclosure did not substantially comply with the Court's Order by only disclosing the result, but not the particulars, of the Court's ruling.

     3.  Notwithstanding the advice of counsel, relying on the distinction between the result and the particulars of the Order was not reasonable and not credible.  No reasonably competent lawyer would provide such advice.  Reliance on such advice was not credible.  Politan's press release exhibits knowledge of the sealing order and its restrictive effect.  (See Ellison Decl., Ex. B, at 1.)

     The parties agreed at the hearing that the Court's ruling itself would be material to an investor's vote decision in the proxy fight.  Politan's disclosure gave it an unfair advantage in the proxy fight because, so long as Masimo was bound by the sealing order, it could not meaningfully reply to Politan's press release.  Therefore, the Court finds, by clear and convincing evidence, see In re Dual-Deck Video, 10 F.3d at 695, that it is highly probable Politan and Koffey violated the Court's Order when they issued the disclosure.  Accordingly, the Court finds there is no "*fair ground of doubt* as to the wrongfulness of" Politan and Koffey's conduct.  See Taggart, 587 U.S. at 561 (citation omitted).

     The Court sets a further hearing for October 9, 2024, to consider the imposition of monetary or other sanctions.  See Gen. Signal Corp. v. Donallco, Inc., 787 F.2d 1376, 1379 (9th Cir. 1986) (holding that a court has discretion to impose sanctions upon finding a party in contempt).

**IT IS SO ORDERED.**

---

[2]This also implicates the parties' agreed Protective Order because much of the Order contains information covered by the Protective order.  (See Docket No. 57.)