LATHAM & WATKINS LLP
Michele D. Johnson (Bar No. 198298)
Kristin N. Murphy (Bar No. 268385)
Jordan D. Cook (Bar No. 293394)
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
T: (714) 540-1235 / F: (714) 755-8290
michele.johnson@lw.com
kristin.murphy@lw.com
jordan.cook@lw.com

Colleen C. Smith (Bar No. 231216)
12670 High Bluff Drive
San Diego, California 92130
T: (858) 523-5400 / F: (858) 523-5450
colleen.smith@lw.com

*Attorneys for Plaintiff Masimo Corporation*

[Additional Counsel Listed on Signature Page]

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MASIMO CORPORATION<br><br>Plaintiff,<br><br>v.<br><br>POLITAN CAPITAL MANAGEMENT LP, POLITAN CAPITAL MANAGEMENT GP LLC, POLITAN CAPITAL PARTNERS GP LLC, POLITAN CAPITAL NY LLC, POLITAN INTERMEDIATE LTD., POLITAN CAPITAL PARTNERS MASTER FUND LP, POLITAN CAPITAL PARTNERS LP, POLITAN CAPITAL OFFSHORE PARTNERS LP, QUENTIN KOFFEY, MICHELLE BRENNAN, MATTHEW HALL, AARON KAPITO, WILLIAM JELLISON, DARLENE SOLOMON,<br><br>Defendants. | Civil Action No. 8:24-cv-01568-JVS-JDE<br><br>**PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF *EX PARTE* APPLICATION FOR AN ORDER FINDING DEFENDANTS IN CONTEMPT OF COURT AND FOR SANCTIONS**<br><br>Courtroom: 10C<br>Honorable James V. Selna |

**TO THE HONORABLE COURT AND ALL INTERESTED PARTIES:**

At the September 13, 2024 hearing on Plaintiff's *Ex Parte* Application for an Order Finding Defendants in Contempt of Court and for Sanctions, the Court found Politan and Mr. Koffey in contempt of court. Following a discussion at the hearing about potential sanctions for Politan's and Mr. Koffey's contempt, the Court denied without prejudice Plaintiff's requested sanction. The Court also inquired about the appropriateness of prohibiting Politan from voting its shares. The Court invited Plaintiff to submit authority supporting Masimo's entitlement to the remedy. Dkt. 222 at 27:14-15. Accordingly, Masimo hereby provides this supplemental brief.

## I. Summary of Procedural Posture and Politan's and Mr. Koffey's Contempt of Court

From the very outset of this case, Defendants have flouted the Court's authority. Defendants have consistently refused to comply with the Court's orders despite the Court's repeated warnings and rulings. This pattern culminated in Politan and Mr. Koffey being found in contempt of court on September 13, 2024, for disclosing the content of the Court's preliminary injunction decision even though it was under seal.

Politan and Mr. Koffey cared more about boosting their chances in the proxy contest than complying with the Court's orders. Politan's and Mr. Koffey's misconduct was particularly serious because it gave the stockholders a false impression about a highly material issue at a critical moment—right when many stockholders are casting their votes. Several more of the largest stockholders will meet to decide how to cast their votes on Monday. The remedy for Politan's and Mr. Koffey's wrongdoing should address the harm they caused, and should reflect Defendants' repeatedly demonstrated unwillingness to respect the Court's rulings.

Notably, the contempt finding did not chasten Politan or Mr. Koffey. Less than an hour after the hearing at which they were found in contempt, Politan and Mr. Koffey issued a press release, quoting their lawyers who stated that they

"respectfully disagree with the Court's ruling that Politan violated a sealing order"—without even mentioning the contempt ruling. Ex. E. Demonstrating that their counsel's eleven different apologies[1] to the Court were hollow, Politan and Mr. Koffey then publicly repeated the very arguments that this Court rejected as not credible, claiming: "It was our understanding that while the contents of the order were under seal, the outcome of the motion was not." *Id.* This public statement by Defendants contradicted the Court's order finding Politan and Mr. Koffey in contempt of court, which stated: "Notwithstanding the advice of counsel, relying on the distinction between the result and the particulars of the Order was not reasonable and not credible. No reasonably competent lawyer would provide such advice. Reliance on such advice was not credible. Politan's press release exhibits knowledge of the sealing order and its restrictive effect." Dkt. 219 at 2. Nevertheless, even after the hearing, Politan and Mr. Koffey publicly represented this Court's contempt finding as if it were a garden-variety confidentiality ruling—and an erroneous one at that. *Id.*

## II.   Timely Sanctions for Politan's and Mr. Koffey's Contempt of Court

Politan and Mr. Koffey violated this Court's order for the purpose of advancing their position in the proxy contest, just as they have lied to stockholders for months on end and concealed who has bankrolled their attempt to take control of Masimo. The appropriate sanction should remove the improper advantage Politan and Mr. Koffey obtained, to the extent it is possible to do so. Because the parties cannot go back in time, the sanction should level the playing field in a manner that is still possible to achieve. And the sanction should serve the critical purpose of deterring future such misconduct, both by Politan and Mr. Koffey, and by other activists who might seek to employ Politan and Mr. Koffey's obstructionist and unethical playbook. It is doubtful that monetary sanctions alone would have that

---

[1] Dkt. 222 at 7: 17-18, 10:6-7, 11:1, 11:11, 11:14, 11:17, 11:25-12:1, 13: 20-21, 15:16, 17:23.

effect (though no doubt Politan and Mr. Koffey should bear that cost too); violating court orders would just become part of activists' cost of doing business. *F. J. Hanshaw Enters., Inc. v. Emerald River Dev.,* 244 F.3d. 1128, 1136 (9th Cir. 2001), states that "[c]ourts have the ability to address the full range of litigation abuses through their inherent powers."  The Court should do so here.

Moreover, if the Court does not remediate the harm caused by Politan and Mr. Koffey now, Defendants may evade having to answer for their misdeeds altogether.  In the event Politan were to win the proxy contest on September 19, 2024, Politan will control the Board and may take steps to dismiss this lawsuit before the October 9, 2024 sanctions hearing, notwithstanding Mr. Koffey's fiduciary and other duties to the Company and its stockholders—duties he has repeatedly failed to fulfill where it does not serve him, his hedge fund, and his undisclosed investors.  And even if the Court nonetheless compels Politan and Mr. Koffey to appear, the Court will be deprived of a true adversarial process, as Masimo will likely then be represented by counsel beholden to Defendants.

Masimo therefore respectfully suggests the following:

### A. Politan Should Be Ordered Not To Vote Proxies Received After Its Press Release, At Least Until It Discloses It Has Been Found In Contempt Of Court

To level the playing field following Politan's and Mr. Koffey's contemptuous act of jumping the gun, Politan should be ordered not to vote its own shares or the proxies it received from the time of Politan's press release (9:44 a.m. ET on September 12).  If the Court does not prohibit those votes permanently, it should prohibit the votes at least until Politan (1) discloses that Politan and Mr. Koffey have been held in contempt of court, and (2) resolicits those proxies with a new proxy card with a different color.  This sanction is particularly appropriate given Defendants' September 13 press release misrepresenting and minimizing the Court's contempt ruling.  Ex. E.

In *Central Foundry Co. v. Gondelman*, the court enjoined the defendants from voting shares obtained through misleading proxy solicitations and required them to make corrective disclosures before resoliciting proxies. 166 F. Supp. 429, 430 (S.D.N.Y. 1958); *see also St. Louis Police Ret. Sys. v. Severson*, No. 12-cv-5086-YGR, 2012 WL 5270125 (N.D. Cal. Oct. 24, 2012) (enjoining the stockholder vote on a proposed amendment due to misleading proxy statements and allowing resolicitation after corrective disclosures were made); *SEC v. May*, 134 F. Supp. 247 (S.D.N.Y. 1955), aff'd, 229 F.2d 123 (2d Cir. 1956) (same). As *Central Foundry* recognized, it would be inequitable to assume that because stockholders can change their votes, those stockholders who voted for Politan after its sanctionable press release would then follow the Court's contempt finding. 166 F. Supp. at 446-47. Realistically, stockholders that already voted stopped paying attention and have not taken into account what transpired recently. Politan and Mr. Koffey should not be permitted to benefit from their wrongdoing.

Given Politan's September 13 press release following the Court's contempt ruling, demonstrating both Defendants' disrespect of the Court's orders and the importance that stockholders be provided the truth, the appropriate sanction to remedy the harm that cannot be undone is to prohibit Politan from voting its own shares and those it collected on its proxy. And Defendants' behavior is particularly problematic because stockholders have no idea whether Politan's investors are a specific Masimo stockholder, a Masimo competitor, or even a litigation adversary, because Defendants failed to disclose this information as required under 14(a) and 13(d). At a minimum, Politan should be ordered not to vote the proxies it obtained since the contemptuous press release, unless and until Defendants disclose in their proxy materials that Politan and Mr. Koffey have been found in contempt—without commenting that the finding is incorrect—and resolicit the shareholders with a new different colored proxy card.

### B. Politan Should Be Ordered To Disclose All Communications Regarding the Sealed Order

As the Court recognized, the Order was sealed from disclosure and governed by the Stipulated Protective Order. Neither Mr. Kapito, nor any of Politan's outside advisers, was entitled to see the sealed Order not just because it was sealed by this Court, but also because it contains Highly Confidential—Attorneys' Eyes Only information of Masimo. Politan should be ordered to immediately produce all of its internal communications about (and including) the sealed Order and Politan's September 12 press release, as well as its communications with and among its outside advisers and undisclosed investors, so as to inform the extent of the damage caused by the contempt of Politan, Mr. Koffey, and their outside counsel. Moreover, because Politan and Mr. Koffey have relied on an advice of counsel defense, their production should include their now-waived, previously privileged communications with counsel, to test the veracity of the representations Politan's and Mr. Koffey's counsel made in Court at Friday's contempt hearing. *See Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162-63 (9th Cir. 1992) (holding that by asserting advice of counsel, the party waives privilege as to those communications on the same subject matter); *see* Dkt. 222 at 7:14-16, 13:7-11.

### C. The Court Should Postpone The Annual Meeting Only If It Finds It Necessary

The Court inquired regarding its authority to delay the annual meeting. While Masimo no longer seeks this relief,[2] it is well-established that courts may postpone stockholder meetings in the interest of allowing stockholders to receive appropriate disclosures. *See, e.g., Henwood v. SEC*, 298 F.2d 641, 643 (9th Cir. 1962) (affirming injunction requiring corrective disclosures and enjoining defendant corporation "from holding any meeting of stockholders of United Industrial Corporation, except

---

[2] Based on discussions with certain stockholders, Masimo believes that the stockholders are fatigued of this proxy fight and would prefer the vote to occur as presently scheduled.

for the purpose of adjournment, until sixty days after this decree becomes final"); *St. Louis Police*, at *7 (enjoining vote on a proposed amendment to an equity compensation plan from going forward as scheduled at annual stockholders meeting "unless and until the 2012 Proxy Statement has been supplemented and such supplemented proxy statement has been mailed to shareholders"); *Sherwood v. Ngon*, 2011 WL 6355209, at *15 (Del. Ch. Dec. 20, 2011) (enjoining "Defendants from holding the Annual Meeting, currently scheduled for December 21, 2011 . . . for twenty days until January 10, 2012" where defendants had inequitably prevented plaintiffs from timely nominating a competing slate and issuing corrective disclosures). This authority exists both as a matter of federal law under Sections 13 and 14, and pursuant to the Court's equitable powers, *e.g.*, *Shoen v. AMERCO*, 885 F. Supp. 1332, 1355 (D. Nev. 1994) (entering injunction delaying annual meeting as a result of breaches of fiduciary duty and securities laws violations), *modified on other grounds*, 1994 WL 904199 (D. Nev. Oct. 24, 1994), *vacated pursuant to settlement*, 1995 WL 936692 (D. Nev. Feb. 10, 1995); *Sherwood*, 2011 WL 6355209, at *7-15 (entering injunction delaying annual meeting based on likely breaches of fiduciary duties). If the Court believes that postponement of the annual meeting is an appropriate sanction, the Court has the authority to order it.

### III. Conclusion

The Court's sealed Order provided for an orderly process to ensure a level playing field at this critical point in the proxy contest. All Defendants had to do was follow the rules. Instead, Politan and Mr. Koffey engaged in contemptuous conduct to gain an unfair advantage, and the sanction for their misconduct should address that unfairness. The Court unquestionably has the power "to address the full range of litigation abuses through their inherent powers." *F. J. Hanshaw,* 244 F.3d. at 1136. The requested remedies are appropriate given the seriousness of Politan's and Mr. Koffey's contempt of court, and would ensure that they are sanctioned at all—which they will attempt to avoid if they win this week's proxy contest. Because

several additional of the largest stockholders will meet to decide how to cast their votes on Monday, a ruling by Monday would at least provide some stockholders with accurate and complete information.

Dated: September 14, 2024

Respectfully submitted,

By */s/ Michele D. Johnson*
Michele D. Johnson (SBN 198298)
Kristin N. Murphy (SBN 268385)
Jordan D. Cook (SBN 293394)
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
T: (714) 540-1235
F: (714) 755-8290
michele.johnson@lw.com
kristin.murphy@lw.com
jordan.cook@lw.com

Colleen C. Smith (SBN 231216)
12670 High Bluff Drive
San Diego, California 92130
T: (858) 523-5400
F: (858) 523-5450
colleen.smith@lw.com

Matthew Rawlinson (SBN 231890)
140 Scott Drive
Menlo Park, CA 94025
T: (650) 328-4600
F: (650) 463-2600
matt.rawlinson@lw.com

Robert J. Ellison (SBN 274374)
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90071
T: (213) 485-1234
F: (213) 891-8763
robert.ellison@lw.com

Kathryn George (*Pro Hac Vice*)
330 N. Wabash Ave., Suite 2800
Chicago, IL 60611
T: (312) 876-7700
F: (312) 993-9767
katie.george@lw.com

*Attorneys for Plaintiff Masimo Corporation*

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Masimo Corporation, certifies that this brief contains 2004 words, which complies with the word limit of L.R. 11-6.1.

Dated: September 14, 2024        /s/ *Michele D. Johnson*
                                 Michele D. Johnson