BETHANY W. KRISTOVICH (SBN 241891)
bethany.kristovich@mto.com
JOHN M. GILDERSLEEVE (SBN 284618)
john.gildersleeve@mto.com
JULIANA M. YEE (SBN 304564)
juliana.yee@mto.com
ANNE K. CONLEY (SBN 307952)
anne.conley@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

MICHAEL E. SWARTZ *(pro hac vice)*
michael.swartz@srz.com
RANDALL T. ADAMS *(pro hac vice)*
randall.adams@srz.com
FRANK W. OLANDER *(pro hac vice)*
frank.olander@srz.com
MINJI REEM *(pro hac vice)*
minji.reem@srz.com
SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, New York 10022
Telephone: (212) 756-2000
Facsimile: (212) 593-5955

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>POLITAN CAPITAL MANAGEMENT LP et al.,<br><br>Defendants. | Case No. 8:24-cv-01568-JVS-JDE<br><br>**DEFENDANTS' BRIEF IN OPPOSITION TO *EX PARTE* APPLICATION OF MASSI JOSEPH E. KIANI FOR LEAVE TO INTERVENE**<br><br>Judge: Hon. James V. Selna<br>Crtrm.: 10C |

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendants oppose the November 1, 2024 *ex parte* application (the "Application") of non-party Massi Joseph E. Kiani seeking to intervene as a plaintiff in this action pursuant to Federal Rule of Civil Procedure ("FRCP") 24(a)(2) and 24(b)(1)(B).

## I. INTRODUCTION

At Masimo's September 19, 2024 annual meeting, its shareholders voted overwhelmingly to remove former Chairman and Chief Executive Officer Joe Kiani from the Masimo Board of Directors. Excluding the shares that Mr. Kiani owns, two-thirds of all shareholders voted against him. Just hours after it was announced that he had lost his bid to be re-elected as a director, Mr. Kiani gave notice of his resignation as CEO and initiated a lawsuit against the Company in Orange County Superior Court, claiming that he is entitled under his employment agreement to receive severance payments worth more than $450 million, an extraordinary amount representing more than 5% of Masimo's market capitalization.

When this lawsuit was filed on July 15, 2024, Mr. Kiani was firmly in control of Masimo, not only through his roles as CEO and Chairman, but also through his domination of the Board. At the Company's Annual Meeting, Masimo's shareholders sent a clear message that they no longer wanted him in control of their Company by overwhelmingly voting to remove him from office

The market reacted extremely positively to Mr. Kiani's ouster. Masimo's stock price jumped by 6% on the day Mr. Kiani's resignation was reported, and it is up nearly 30% since the Annual Meeting—outperforming the Nasdaq Health Care Index by 33%. Nevertheless, through his Application, Mr. Kiani asks the Court to restore his control over this lawsuit and to install him as a new plaintiff, "adopting" the Company's pleadings as his own. Application at 7.

The Court should deny the Application. Defendants hereby join the arguments made by Masimo that an *ex parte* application is not procedurally proper. (*See* Dkt. 257.) The Court should reject the Application on that basis alone.

However, should the Court reach the merits of the Application, the Court should deny the Application under Rule 24.

*First*, Mr. Kiani fails to show that he is entitled to intervene as of right under Rule 24(a)(2). His request is untimely given that Masimo's stated purpose in bringing this action was to seek pre-meeting relief. As Masimo itself alleged in its original complaint: "Masimo now has no choice but to seek the Court's intervention to set the record straight and prevent irreparable harm to the Company and its stockholders" in the then-upcoming proxy contest. (Dkt. 1, ¶ 18.) Indeed, in both in its original *and* amended complaints, Masimo *only* sought injunctive relief relating to the proxy contest and sought no money damages for any of its claims. Accordingly, all the relief sought in this action was for a proxy contest that has now concluded, making Mr. Kiani's attempted intervention late and unproductive.

Moreover, Mr. Kiani's status as a shareholder in Masimo does not provide him with a "'significant[ly] protectable' interest" in the litigation, as is required for intervention as of right. *California ex rel. Lockyer v. United States*, 450 F.3d 436, 440 (9th Cir. 2006). Nor does Mr. Kiani make a "very compelling showing," as is also required, overcoming the presumption that the corporation acts with the same interests as its shareholder. *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003). Indeed, given Mr. Kiani's recent ouster, it is clear that the Company's shareholders do not view their interests as aligned with Mr. Kiani's.

*Second*, Mr. Kiani's alternative argument that the Court should exercise its discretion to permit him to intervene under Rule 24(b)(1)(B) also fails. While

Mr. Kiani claims he wants to adopt Masimo's Amended Complaint[1] in this action, that plainly is not possible. To the extent Mr. Kiani intends to advance the state law breach of fiduciary duty claims in Masimo's complaint, he has no standing to do so and Masimo's forum selection bylaws require that such claims be brought in state or federal court in Delaware.

Accordingly, given that Mr. Kiani fails to describe the claims he intends to bring, fails to attach a pleading as required under Rule 24(c) and is plainly precluded from bringing certain of the claims contained in the Amended Complaint he seeks to adopt, there is no basis to grant his motion for intervention as it is not clear what allegations he would pursue against Defendants.

## II.   ARGUMENT

Mr. Kiani's demand for *ex parte* relief is unjustified and improper for the reasons stated in Masimo's opposition brief. In the event the Court chooses to reach the merits of Mr. Kiani's request to intervene, it should deny the request.

### A. Mr. Kiani Has No Right to Intervene Under Rule 24(a)(2)

Under Rule 24(a)(2), a proposed intervenor seeking to intervene as of right must show that: (i) the motion is timely; (ii) the proposed intervenor has an interest relating to the subject of the pending action; (iii) there is potential that his/her interests will be impaired by disposition of the action in his/her absence; and (iv) his/her interests are not adequately represented by the existing parties. FRCP 24(a)(2); *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 841 (9th Cir. 2011). "Failure to satisfy any one of the [four] requirements [of intervention] is fatal to the application." *Geithner*, 644 F.3d at 841 (internal citations omitted). As set forth below, Mr. Kiani fails to satisfy each of these four elements.

---

[1] "Amended Complaint" refers to Masimo's Amended Complaint for Violations of the Federal Securities Laws, Breaches of Fiduciary Duty, and Breach of Contract, filed on August 28, 2024. (Dkt. 132.)

> *i. The Application is Untimely Given that All Relief Sought in the Amended Complaint is Injunctive Relief for a Proxy Contest that Is Already Over*

The Application is untimely. Defendants appreciate that this action has only been pending for four months, however, in considering the timeliness of the Application, the Court should consider that the entire premise of this action was the need for Masimo's shareholders to be fully informed prior to the Company's Annual Meeting at which directors were elected. Critically, the *only* relief that Masimo sought in either the original complaint or its Amended Complaint for its claims was injunctive relief relating to the proxy contest, which has now concluded. Masimo never sought any money damages for any of its claims.

Masimo claimed when it initiated this action that "[w]ithout injunctive relief before the annual meeting, Masimo and its stockholders, who were uninformed because of Defendants' securities violations, may be forced to endure a Politan-run Board making decisions that cannot be unwound easily, if at all, even after Masimo prevails on its Complaint." (Dkt. 13-1 at 20.) Further, Masimo brought this action on an expedited basis with the goal of substantially completing the litigation before the September 19, 2024 Annual Meeting. In response to Masimo's request, the Court granted expedition and the parties and the Court worked extremely hard to develop a comprehensive evidentiary record in which thousands of documents were produced, ten witnesses were deposed, and a hearing was held on the preliminary injunction motion.

In the Court's Order Regarding Motion for Preliminary Injunction, (Dkt. 221), the Court ruled on each of the purported misstatements in Politan's proxy materials and found that they were either not actionable misstatements or that they had been mooted by supplemental disclosures by Politan. Thus, although only months old, the case has achieved its ends, *i.e.*, a fully-informed shareholder vote. Further, even when judged according to the date when Mr. Kiani "should have been aware [his] 'interest[s] would [allegedly] no longer be protected adequately by the parties,'"

*League of United Latin Am. Citizens v Wilson*, 131 F.3d 1297, 1304 (9th Cir. 1997), Mr. Kiani's request is still untimely. Mr. Kiani contends that his interests are no longer represented by Masimo as a consequence of the shareholder vote. He has known that for over a month and a half.

> ii. *Mr. Kiani's Status a Shareholder in a Public Company Does Not Give Him a "'Significantly Protectable' Interest" in the Action*

To satisfy the second and third elements of Rule 24(a)(2), Mr. Kiani must allege "a 'significant[ly] protectable' interest relating to the property or transaction which is the subject of the action," and demonstrate that disposition of the case may "impair or impede" his ability to protect that interest. *California ex rel. Lockyer*, 450 F.3d at 440. Mr. Kiani does neither.

The only "interest" Mr. Kiani identifies is his ownership of 9.1% of Masimo's outstanding common stock. Application at 5. Mr. Kiani further alleges that he is entitled to a further 5% of the Company's outstanding common stock as severance. *Id.* But those are not cognizable interests for purposes of intervening in this action. *See Colony Ins. Co. v. Advanced Particle Therapy LLC*, 2017 WL 5483360, at *2 (S.D. Cal. Nov. 15, 2017) (quoting *Greene v. U.S.*, 996 F.2d 973, 976 (9th Cir. 2003)) (finding that purely economic interest in outcome of litigation was insufficient to constitute significant protectable interest); *see also Med. Prot. Co. v. Lee*, 2009 WL 10674287, at *1 (C.D. Cal. May 5, 2009) (finding interest to collect in alternate, but related, litigation to be insufficient); *Burlington N. Ins. Co. v. Affordable Housing Alternatives*, 2014 WL 12607673, at *1-2 (C.D. Cal. Sept. 3, 2014) ("[A] mere economic interest in the outcome of the litigation is insufficient to support a motion to intervene.").

It makes sense that a shareholder's economic ownership in a public company cannot be a "'significant[ly] protectable' interest" for all litigation in which the company is a party. *California ex rel. Lockyer*, 450 F.3d at 440. If that were the standard, which it is not, then every shareholder in every public company would have

a significantly protectable interest and a basis to intervene in every case in which the company is a party.

Typically, as here, a company adequately represents its shareholders' interests. For that reason, Judge Gilliam denied a motion to intervene by a shareholder in a derivative suit, finding the shareholder movant lacked a "significantly protectable interest" to justify intervention because the shareholder and corporation had the "same interest." *In re Facebook, Inc. S'holder Deriv. Priv. Litig.*, 367 F. Supp. 3d 1108, 1130 (N.D. Cal. 2019); *see also City of Hollywood Firefighters' Pen. Sys. v. Wells Fargo & Co.*, 2023 WL 7927774, at *1 (N.D. Cal. Nov. 16, 2023) (finding no protectable interest where shareholder movants sought to intervene in derivative suit, because potential remedies from action belonged to the corporation); *In re Ambac Fin. Grp., Inc., Deriv. Litig.*, 257 F.R.D. 390, 393 (S.D.N.Y. 2009) ("Plaintiffs and other shareholders who seek to join a derivative action as plaintiffs share an identity of interest almost by definition, since the true party in interest is the corporation itself.").

Moreover, the common stock owned by Mr. Kiani is not the subject of the action. In fact, no ownership of common stock is the subject of the action. There is no economic outcome of the action that would affect the value of Mr. Kiani's stock. That is because Masimo *seeks no money damages for any of its claims in the Amended Complaint*. (Dkt. 132 at 80.) Masimo exclusively seeks injunctive relief relating to a proxy contest that has already concluded for all of its claims.

Mr. Kiani's statement that "courts in the Ninth Circuit *routinely* find the existence of protectable interests when a significant shareholder seeks to intervene in an action involving the company in which the shareholder owns stock" is simply not true. Application at 5 (emphasis added). The two district court cases Mr. Kiani cites do not remotely support such an expansive rule.

*Novatel* is inapposite. There, the court permitted a shareholder to intervene for the limited purpose of objecting to a proposed class action settlement where the

shareholder was not a member of the class with a right to object under Rule 23 procedures. *Id.* at *6. Mr. Kiani does not seek a narrow and limited scope of intervention, but to intervene as a full party to the case.

In *SEC v. Navin*, 166 F.R.D. 435 (N.D. Cal. 1995), the court granted a motion to intervene in a suit filed by the United States Securities and Exchange Commission ("SEC") following the creation of a receivership estate for a company in which the proposed intervenor was an investor. *Id.* at 437-38. The investor sought to intervene, arguing that the only value remaining in the business was its relations with advertisers and municipalities, and keeping those relations intact and keeping the business going was necessary to preserve that value. *Id.* at 437. The court reasoned that the investor had a protectable interest because she "and others similarly situated . . . face[d] losing most of their investment without intervening," given that the SEC and the receiver intended to liquidate the company. *Id.* at 440.

Unlike the intervenors in *Novatel* and *Navin*, Mr. Kiani does not identify any interest he has in Masimo that would be directly impacted by the resolution of this action. Mr. Kiani does not allege that he faces any protectable risk of investment loss—in fact, since the annual meeting, the value of Masimo's shares, and Mr. Kiani's holdings in them, have sharply risen.

> iii. *Even if Mr. Kiani Has a Significantly Protectable Interest, It Will not Be "Impaired" By this Lawsuit*

Mr. Kiani hardly addresses the third factor. He simply asserts that because he has a significantly protectable interest it will necessarily be impaired by the action. But if Mr. Kiani has rights he wishes to assert, he can file a complaint and initiate an action. His preference to join this action rather than bring his own case is not "impairment."

Indeed, "[n]umerous courts have held that the burden of duplicative litigation is not the sort of impairment envisioned by Rule 24(a)." *Action Performance Cos. v. Bohbot*, No. CV 05-4458-JFW (RCX), 2008 WL 11418995, at *4 (C.D. Cal. Mar. 13,

2008) (citation omitted). "Mere inconvenience to the [movant] caused by requiring him to litigate separately is not the sort of adverse practical effect contemplated by Rule 24(a)(2)." *Blake v. Pallan*, 554 F.2d 947, 954 (9th Cir. 1977).

### iv. Mr. Kiani Fails to Make a "Very Compelling Showing" that the Company Will Not Represent His Interests

With respect to the fourth element, Mr. Kiani misstates the law and his burden. Mr. Kiani is required to make a "very compelling showing" of the inadequacy of Masimo's representation because the law presumes that the corporation is adequately representing Mr. Kiani's legitimate interests as a shareholder. *See United States v. Ballantyne*, No. 13cv53 BTM(BLM), 2013 WL 4716234, at *3 (S.D. Cal. Sept. 3, 2013) ("Adequacy of representation will be presumed adequate in cases where a corporation, a labor union, or some other group speaks for its members.") (citing Wright, Miller & Kane, Federal Practice and Procedure § 1909 (3d ed. 2024)). The Ninth Circuit has held that when the adequacy of the representation is presumed, then the movant is required to make a "very compelling showing" to overcome the presumption. *Arakaki*, 324 F.3d at 1087; *Mussi v. Fontes*, No. CV-24-01310-PHX-DWL, 2024 WL 3396109, at *6 (D. Ariz. July 12, 2024).

Here, Mr. Kiani does not acknowledge his burden to make a very compelling showing and makes none. He speculates that the Board committee tasked with overseeing this lawsuit will be more inclined to dismiss or compromise it than he would be, but citing to "differences in [litigation] strategy" are "not enough to justify intervention as a matter of right." *United States v. City of Los Angeles*, 288 F.3d 391, 402-403 (9th Cir. 2002); *see also Callahan v. Brookdale Senior Living Cmtys., Inc.*, 42 F.4th 1013, 1021 (9th Cir. 2022) (holding that "courts have been hesitant to accord" a proposed intervenor "full-party status" when the proposed intervenor "rests its claim for intervention entirely upon a disagreement over litigation strategy").

Finally, Mr. Kiani's reliance on *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525 (9th Cir. 1983) is misplaced. Application at 6-7. *Watt* involved a situation in

which the *same* individual who had previously represented the plaintiff also was, in his role as the new U.S. Secretary of the Interior, a named defendant in the action. *Id.* at 528. Therefore, as a practical matter, the same individual was on both sides of the dispute and the Court granted intervention to address that.

Here, neither Politan nor any of the other Defendants stand on both sides of the dispute. Contrary to Mr. Kiani's say-so, the mere fact that Politan nominated four of Masimo's eight current directors does *not* mean that Politan controls those directors (or Masimo as a whole). Mr. Koffey is the *only* current director who has any affiliation with Politan. The other Politan-nominated directors had no pre-existing relationship with Politan or Mr. Koffey. Nor do the Politan-nominated directors have any current economic or financial relationship with Politan: Politan does not have any right to remove or replace them, and Politan provides them with no compensation in connection with their board service.

Moreover, the Board has formed a committee to "evaluate Masimo's interests and appropriate next steps for this action." (DKT. 249 at 2.) **None** of the Defendants—including Mr. Koffey and Ms. Brennan—are members of that committee. *See id.* (identifying directors William Jellison and Darlene Solomon as members of the committee). As such, Defendants' assertion that this case "has become '*Politan v. Politan*'", (Application at 7), is at odds with the reality that neither Politan nor any of the other Defendants have the ability to determine Masimo's strategy in this action. Thus, *Watt* is inapposite.

### B. The Court Should Deny Mr. Kiani's Request for Permissive Intervention Under Rule 24(b)(1)(B)

Mr. Kiani asks "in the alternative" to intervene pursuant to Rule 24(b), (Application at 7), which provides the Court with discretion to allow intervention of a party that "has a claim or defense that shares with the main action a common question of law or fact." FRCP 24(b)(1)(B). "[P]ermissive intervention is committed to the broad discretion of the district court." *Mineworkers' Pension Scheme v. First*

-9-

*Solar Inc.*, 722 F. App'x 644, 646 (9th Cir. 2018) (citation omitted). "In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Romasanta v. United Airlines, Inc.*, 537 F.2d 915, 917 (7th Cir. 1976), *aff'd sub nom. United Airlines, Inc. v. McDonald*, 432 U.S. 385 (1977).

### i. Mr. Kiani Fails to Sufficiently Describe His Claims or His Standing to Bring Such Claims

*First*, Rule 24(c) provides that a motion to intervene "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." *Schudel v. Searchguy.com, Inc.*, No. 07cv0695 BEN (BLM), 2009 WL 10671749, at *3 (S.D. Cal. Aug. 4, 2009) ("The lack of the required pleading under these circumstances provides an additional basis to deny permissive intervention or intervention of right."). But Mr. Kiani has not described what his proposed claims or defenses for this case would be.

Mr. Kiani did not provide a proposed pleading with the Application. Although this is a technical requirement that the Ninth Circuit often forgives, Mr. Kiani has said *nothing* about what his claims are or what he intends to do in this action. He simply says he will "adopt[]" Masimo's pleadings, (Application at 7), but, as Masimo pointed out, he does not have standing to assert all of the claims in the Amended Complaint. (*See* Dkt. 257.)

The Delaware state law fiduciary duty claims in the Amended Complaint cannot be asserted by an individual shareholders because the purported harm flows to the corporation, not to the individuals. *See Lee v. Fisher*, 70 F.4th 1129, 1139 (9th Cir. 2023) (discussing Delaware law). Mr. Kiani cannot assert the claims unless he is acting as a derivative plaintiff and doing so requires that he follow the procedures required of derivative plaintiffs under Delaware law, including making a demand on the Company. He has not done so and he may not become a *de facto* derivative plaintiff using a Rule 24 motion.

Accordingly, given that Mr. Kiani cannot assert three of the five counts in the Amended Complaint, he cannot "adopt" it as his own pleading.

      *ii. Mr. Kiani's Motion is an Improper Circumvention of the Forum Selection Bylaws*

To the extent Mr. Kiani intends to bring a breach of fiduciary duty or other derivative claim against Mr. Koffey or Ms. Brennan, he cannot assert it in this action because the forum selection clause in Masimo's Fifth Amended and Restated Bylaws (the "Bylaws") requires that such claims be brought in state or federal court in Delaware. Although Masimo has the right to waive application of the forum selection clause, Mr. Kiani does not assert that Masimo has done so with respect to his claims.

Article XI of the Bylaws states, in relevant part:

> Unless the Corporation consents in writing to the selection of an alternative forum, the sole and exclusive forum for (i) any derivative action or proceeding brought on behalf of the Corporation [or] (ii) any action asserting a claim of breach of a fiduciary duty owed by any director, officer or other employee or stockholder of the Corporation to the Corporation or the Corporation's stockholders … shall be a state or federal court located within the State of Delaware, in all cases subject to the court's having personal jurisdiction over the indispensable parties named as defendants. Any person or entity purchasing or otherwise acquiring any interest in shares of capital stock of the Corporation shall be deemed to have notice of and consented to the provisions of this Bylaw.

The Ninth Circuit recently held in an *en banc* decision that forum selection clauses in the bylaws of Delaware corporations are valid and enforceable in this Circuit, including to the extent that they require federal causes of action to be asserted in Delaware. *Lee v. Fisher*, 70 F.4th 1129, 1149, 1153 (9th Cir. 2023). Permitting Mr. Kiani to intervene and become a plaintiff simply by "adopting" Masimo's pleadings would be a backdoor circumvention of the forum selection clause. Application at 7.

### iii. Mr. Kiani Has No Interests Relevant to the Pending Sanctions Proceedings.

To the extent that Mr. Kiani seeks to intervene in this action to involve himself in the Court's consideration of contempt sanctions against Politan and Mr. Koffey, Mr. Kiani has no relevant interests or role.

Masimo initiated the contempt proceeding, and the only issue remaining is the remedy. (Dkts. 202, 248.) It is settled law that contempt remedies consist only of those sanctions that are "for the benefit of the complainant," or that are intended to "vindicate the authority of the court" itself. *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994). Thus, the scope of any remedial relief is strictly limited to the interests of and any damage suffered by Masimo—the party that initiated the contempt proceedings. *See, e.g.*, *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983) ("[c]ivil contempt is characterized by the court's desire to . . . compensate the contemnor's adversary for the injuries which result from the noncompliance"); *In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1366 (9th Cir. 1987) ("an award to an opposing party is limited by that party's actual loss").

At the Court's invitation, (*see* Dkt. 248), Masimo will have the opportunity to explain its interest in any potential sanctions or remedial relief. Mr. Kiani cannot seek any relief vis-à-vis Politan's contempt and thus his interests are wholly irrelevant.

## CONCLUSION

For the foregoing reasons, the Application should be denied.

Dated: November 4, 2024

By:   */s/ Bethany W. Kristovich*
      BETHANY W. KRISTOVICH

BETHANY W. KRISTOVICH (SBN 241891)
bethany.kristovich@mto.com
JOHN M. GILDERSLEEVE (SBN 284618)
john.gildersleeve@mto.com
JULIANA M. YEE (SBN 304564)
juliana.yee@mto.com
ANNE K. CONLEY (SBN 307952)
anne.conley@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

MICHAEL E. SWARTZ *(pro hac vice)*
michael.swartz@srz.com
RANDALL T. ADAMS *(pro hac vice)*
randall.adams@srz.com
FRANK W. OLANDER *(pro hac vice)*
frank.olander@srz.com
MINJI REEM *(pro hac vice)*
minji.reem@srz.com
SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, New York 10022
Telephone: (212) 756-2000
Facsimile: (212) 593-5955

*Attorneys for Defendants*

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants, certifies that this brief contains 3,898 words, which complies with the word limit of L.R. 11-6.1.

DATED: November 4, 2024

By:     /s/ *Bethany W. Kristovich*
       BETHANY W. KRISTOVICH
       Attorneys for Defendants