JENNIFER L. KELLER (SBN 84412)
jkeller@kelleranderle.com
BENJAMIN R. BARRON (SBN 257094)
bbarron@kelleranderle.com
JEREMY W. STAMELMAN (SBN 216097)
jstamelman@kelleranderle.com
BRADLEY E. MARRETT (SBN 288079)
bmarrett@kelleranderle.com
KELLER/ANDERLE LLP
18300 Von Karman Avenue, Suite 930
Irvine, California 92612
Telephone:  (949) 476-8700
Facsimile:   (949) 476-0900

Attorneys for Plaintiff,
MASIMO CORPORATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASIMO CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>POLITAN CAPITAL MANAGEMENT LP, et al.,<br><br>　　　　Defendants. | Case No.   8:24-CV-1568-JVS-JDE<br><br>The Hon. James V. Selna<br><br>**PLAINTIFF MASIMO CORPORATION'S OPPOSITION TO JOE KIANI'S MOTION TO FILE AMICUS BRIEF** |

# **TABLE OF CONTENTS**

I. INTRODUCTION ..........................................................................................1

II. ARGUMENT.................................................................................................2

    A. The Motion is Untimely ....................................................................3

    B. Kiani Provides an Incomplete and Misleading Statement of Interest ..................................................................................................5

    C. Kiani Failed to Meet and Confer on the Motion ................................6

    D. The Brief Does Not Satisfy the Traditional Role of Amicus Briefing ..............................................................................................7

III. CONCLUSION............................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*Center for Biological Diversity v. United States Forest Service*, 2024 WL 4818628 (D. Ariz. Nov. 18, 2024) ............................................................................ 4

*Cody v. Ring LLC*, 718 F. Supp. 3d 993 (N.D. Cal. Feb. 22, 2024) ........................ 7

*Community Ass'n for Restoration of Environment v. DeRuyter Bros. Dairy*, 54 F.Supp.2d 974 (E.D. Wash. 1999) .......................................................................... 7

*DiCocco v. Garland*, 52 F.4th 588 (4th Cir. 2022) .................................................. 8

*Earth Island Inst. v. Nash*, 2019 WL 6790682 (E.D. Cal. Dec. 12, 2019) ............... 3

*Erlinger v. United States*, 602 U.S. 821 (2024) ...................................................... 8

*Friends of Animals v. U.S. Fish and Wildlife Svc.*, 2021 WL 4440347 (D. Utah Sept. 28, 2021) ........................................................................................................ 4

*Hoptowit v. Ray,* 682 F.2d 1237 (9th Cir. 1982) ................................................ 2, 7

*Miller-Wohl v. Commissioner of Labor & Industry*, 694 F.2d 203 (9th Cir. 1982) ............................................................................................................................. 7, 8

*Nat'l Org. for Women, Inc. v. Scheidler*, 223 F.3d 615 (7th Cir. 2000) .............. 2, 4

*New England Patriots Football Club, Inc. v. University of Colorado,* 592 F.2d 1196 (1st Cir. 1979) ................................................................................................ 9

*Plong v. BM Realestate Services Inc.*, 2022 WL 22871445 (C.D. Cal. Aug. 9, 2022) ........................................................................................................................ 6

*Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 976 F.3d 761 (7th Cir. 2020) ................................................................................................................. 8

*Ryan v. Commodities Futures Trading Com'n*, 125 F.3d 1062 (7th Cir. 1997) ...... 8

*Sandin v. Conner*, 515 U.S. 472 (1995) .................................................................. 2

*SBCW Cosulting Inc. v. TSYS Merchant Solutions, LLC*, 2024 WL 4867246 (C.D. Cal. Oct. 28, 2024) ........................................................................................ 4

*Smith v. Chrysler Fin. Co.*, 2003 WL 328719 (D.N.J. Jan. 15, 2003) ..................... 8

*Stoyas v. Toshiba Corporation*, 2021 WL 2315200 (C.D. Cal., June 7, 2021) ....... 3

*United States v. McGraw-Hill Companies Inc.*, 2013 WL 12308202 (C.D. Cal. Nov. 7, 2013) ........................................................................................................... 3

*United States v. State of Mich.*, 940 F.2d 143 (6th Cir. 1991) ................................ 9

**Rules**

C.D. Cal. Local Rule 7-3 ......................................................................................... 6

C.D. Cal. Local Rule 7-4 ................................................................................................6

Fed. R. App. P. 29(a)(3)............................................................................................2, 3

Fed. R. App. P. 29(a)(5)............................................................................................3, 8

Fed. R. App. P. 29(a)(6)............................................................................................1, 3

Fed. R. Civ. P. 27(d)(2)................................................................................................8

## I. INTRODUCTION

In November 2024, non-party Joe Kiani filed an *Ex Parte* Application for Leave to Intervene in this case, seeking to assume prosecution of the case to prevent Masimo from "dismiss[ing] or compromis[ing] the claims," including "in connection with the pending sanctions motion." Dkt. 255 at 8. The Court denied that Application, citing Kiani's "insufficient interest in the subject matter of this case." Dkt. 263.

Kiani's current Motion for Leave to File Overlength Amicus Brief and be Heard as Amicus Curiae (the "Motion") attempts an end-run around that ruling, injecting himself into this case despite the Court's denial of his earlier effort to intervene. Consistent with the Court's prior order, Kiani has never been a party in this case and has no legitimate interest in its outcome.

Here too, the Court has broad discretion to deny Kiani's instant Motion and should do so.

Indeed, Masimo's entire board of directors and executive management agree that it is time to put this case to an end, including two sitting directors who supported Kiani in the proxy contest and executives who had long served under him. Dkt. 268, Ex. 2 at 20-21. Now that the shareholder vote has taken place, it does not make sense to continue the litigation, particularly given that the operative complaint does not seek monetary damages. Yet for the second time in two months, Kiani has sought to revive this moribund case, in an obvious effort to inflame the Court and exact his pound of flesh following his decisive defeat in September.

None of this benefits the orderly administration of justice—and it certainly is not consistent with the beneficial role of good-faith amicus briefing. To that end, there are several reasons for the Court to deny Kiani's further effort to disrupt this case.

*First*, the Motion is untimely. It was due to be filed by no later than December 10, 2024, *i.e.*, seven days following Masimo's filing of its Motion to Vacate, pursuant to Fed. R. App. P. 29(a)(6). Instead, Kiani waited two weeks beyond that date to file

the Motion, *i.e.*, until the evening of December 23, 2024, hours before the start of the holidays.

*Second*, Kiani failed to meet and confer on the Motion as required under Local Rule 7-3.  He gave the parties no notice of the Motion, despite ample opportunity.

*Third*, Kiani's filing presents the Court with an inaccurate and misleading statement of his interests in the case, contrary to the required disclosures for amici under Fed. R. App. P. 29(a)(3).  Kiani conceals that he is adverse to Masimo in three separate active cases, including one in which he is seeking a half-billion dollar payout from the company, representing 6% of Masimo's market capitalization, and another in which he is using the Court's contempt findings against Masimo to seek dismissal of the case.  Kiani has a direct personal, tactical, and financial interest in casting Masimo's current leadership in the worst possible light and is therefore inexorably conflicted.

*Fourth*, Kiani's brief does not satisfy the grounds traditionally relied upon by courts in allowing amicus briefing.  Masimo's pending motion does not present an issue of law with a broad public impact, and which would thus be benefitted by an outside viewpoint.  It involves a single exercise of the Court's sound discretion, based upon a fully developed record.

On any of those grounds, let alone in aggregate, the Court should deny the Motion.  And for those same reasons, even if the Court accepts the filing of Kiani's amicus brief, it should exercise its discretion to decline to allow Kiani to participate in oral argument.

## II.   ARGUMENT

The privilege of being heard amicus rests in the discretion of the Court, which may grant or refuse leave based upon whether it deems the proffered information timely, useful, or otherwise.  See *Hoptowit v. Ray,* 682 F.2d 1237, 1260 (9th Cir. 1982), abrogated on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995).  District court rulings on whether to allow an amicus filing will rarely be upset on appeal.  *Id*.; *see Nat'l Org. for Women, Inc. v. Scheidler*, 223 F.3d 615, 616 (7th Cir. 2000) ("Whether

to permit a nonparty to submit a brief, as amicus curiae, is, with immaterial exceptions, a matter of judicial grace.").

District courts generally look to Federal Rule of Appellate Procedure 29 in determining whether to accept an amicus filing, as there is no corollary in the Federal Rules of Civil Procedure. *See, e.g.*, *Stoyas v. Toshiba Corporation*, 2021 WL 2315200, at *2 (C.D. Cal., June 7, 2021) (Pregerson, J.) ("[T]he Federal Rules of Civil Procedure do not address requests to participate as amici, therefore, district courts 'rely on Federal Rule of Appellate Procedure 29 ('Rule 29') when considering such requests.") (internal quotations omitted); *United States v. McGraw-Hill Companies Inc.*, 2013 WL 12308202, at *5 (C.D. Cal. Nov. 7, 2013) (Carter, J.) ("If Mr. Cunningham wishes to submit an amicus brief, he must file a separate motion pursuant to Rule 29."); *Earth Island Inst. v. Nash*, 2019 WL 6790682, at *1 (E.D. Cal. Dec. 12, 2019) (district courts "rely on Federal Rule of Appellate Procedure 29 in addressing such requests").

Under Rule 29(a)(6), "[a]n amicus curiae must file its brief, accompanied by a motion for filing when necessary, . . . no later than 7 days after the appellant's or petitioner's principal brief is filed." Similarly, relevant here, the amicus brief must "state . . . the movant's interest" and "the reason why an amicus brief is desirable," Rule 29(a)(3), and it "may be no more than one-half the maximum length . . . for a party's principal brief," Rule 29(a)(5).

A. **The Motion is Untimely**

Because Masimo's Motion to Vacate was filed on December 3, 2024, under Rule 29(a)(6), Kiani's amicus brief was due one week later, on December 10, 2024. Rather than comply, Kiani waited two weeks beyond that date to file his Motion—until the evening of December 23, thus timing the preparation of any response during the holidays when most people (including counsel in this case) travel with family.[1]

---

[1] Kiani also weaponized the holidays in a separate case against Masimo that Kiani filed in Orange County Superior Court. Kiani v. Masimo, Case No. 30-2024-01426785-CU-MC-CJC (Cal. Super. Sept. 19, 2024). Despite Kiani's having filed that case in September 2024, more three months ago, he delayed service of discovery until

Thus, while the decision to allow an amicus filing is a "matter of judicial grace," *Nat'l Org. for Women, Inc.*, 223 F.3d at 616, Kiani has shown little grace to the parties in this matter—or even toward the Court, given that, on two separate occasions in this case alone, he has sought to undermine the parties' ability to provide the Court complete briefing on the respective issue at bar.

As a result of his strategy, Kiani's brief is untimely. The Court should exercise its discretion to deny the Motion on that ground. *Center for Biological Diversity v. United States Forest Service*, 2024 WL 4818628 at *2 (D. Ariz. Nov. 18, 2024) ("Because the Groups did not seek to participate in this litigation as amicus within seven days of the Rule 59(e) motion filed in this case, the response, or the reply, the Court finds the amicus brief untimely."). And by delaying his Motion until after completion of the briefing, Kiani has denied the parties the opportunity to fully and robustly respond. *Friends of Animals v. U.S. Fish and Wildlife Svc.*, 2021 WL 4440347 at *2-3 (D. Utah Sept. 28, 2021) (declining to accept amicus brief filed on the deadline for reply briefing, in violation of Rule 29(a)(6), thus denying the parties "an opportunity to respond to the information raised in the proposed amicus brief").

Moreover, Kiani fails to address the issue of timeliness or even mention Rule 29 in his Motion and proposed brief. Kiani is aware of Rule 29: he includes an entire introductory section to his proposed brief that ostensibly comports with Rule 29(a)'s disclosure requirements, *see* Dkt. 284-1 at 1, and the Motion's opening page cites case authority from this Court addressing Rule 29, Dkt. 284 at 1 (citing *Stoyas*). By nevertheless failing to address the issue in his moving papers, Kiani has waived any contrary argument. *See, e.g.*, *SBCW Cosulting Inc. v. TSYS Merchant Solutions, LLC*, 2024 WL 4867246 at *4 n.7 (C.D. Cal. Oct. 28, 2024) (Blumenfeld, J.).

---

November 26, 2024, meaning that Masimo's responses were due on December 26, 2024. Declaration of Benjamin Barron ("Barron Decl."), ¶ 1. Similarly, Kiani previously filed his ex parte application to intervene in this case less than two weeks after Keller Anderle Scolnick LLP appeared in the case, despite the lack of any exigency, and while providing less than four hours' advance notice on a Friday evening—thus again depriving both the Court and the parties the benefit of full briefing following a noticed motion. Dkt. 257 (opposition to ex parte application).

### B. Kiani Provides an Incomplete and Misleading Statement of Interest

The Motion and proposed amicus brief fail to set forth a complete or accurate disclosure of Kiani's interests in this case, as required under Fed. R. App. P. 29(a)(3). Specifically, Kiani omits that he is directly adverse to Masimo in three active cases. Dkt. 284-1 at 1.

One of them, the above-referenced Orange County Superior Court case filed by Hueston Hennigan, seeks a $480 million golden parachute payout from Masimo, representing literally 6% of Masimo's entire market capitalization. *Kiani v. Masimo*, Case No. 30-2024-01426785-CU-MC-CJC (Cal. Super. Sept. 19, 2024) (ROA #2 (complaint)).

The second case, brought by Masimo against Kiani in Delaware Chancery Court, seeks to set aside that golden parachute payment based on serial breaches of fiduciary duty by Kiani both in securing the golden parachute and in subsequent lucrative amendments benefitting Kiani without any consideration to Masimo. *Masimo Corporation v. Joe E. Kiani*, C.A. No. 2024-1086-NAC (Del. Ch. Oct. 24, 2024).

The third case, brought by Masimo against Kiani, RTW Investments, and others in the Southern District of New York, alleges securities violations by Kiani in the run-up to the 2024 shareholder meeting—namely, an empty voting scheme to support Kiani's proxy bid, under which Kiani arranged for a New York-based hedge fund to artificially inflate its voting percentage by buying up Masimo shares that it intended to dump shortly after the shareholder meeting. *Masimo v. Kiani et al.*, 24-CV-8147-AKH (S.D.N.Y. Oct. 25, 2024).

Notably, less than two weeks ago, on December 16, Kiani cited this Court's contempt order in support of a motion to dismiss the New York case. *Id.*, Dkt. No. 68 at 7-8. Thus, Kiani has a clear tactical interest in ensuring that the Court denies Masimo's motion to vacate, and in spurring the Court to issue a further adverse order that Kiani can then use against Masimo.

The reality, in sum, is that Kiani is directly and inextricably conflicted in this matter. Having been ousted from Masimo's board, he has a personal, tactical, and financial interest in portraying Masimo in the worst possible light in this case. He has used the Court's adverse rulings to his own benefit in litigation against Masimo and wants to secure another adverse ruling to continue to benefit and enrich himself at its shareholders' expense.

### C. Kiani Failed to Meet and Confer on the Motion

The Court should also deny the Motion because Kiani failed to meet and confer as required by C.D. Cal. Local Rule 7-3.[2] That rule required Kiani to meet and confer at least seven days prior to filing his Motion. Consistent with his broader obstructionist strategy, Kiani never did so, nor did he request to meet and confer or notify the parties of the Motion prior to his surprise filing on the eve of the holidays. *See Plong v. BM Realestate Services Inc.*, 2022 WL 22871445 (C.D. Cal. Aug. 9, 2022) (Holcomb, J.) (rejecting motion as "procedurally and substantially deficient" where the moving party "failed to comply with the meet-and-confer requirements of this Court's Local Rules"); *see also* C.D. Cal. Loc. R. 7-4 (authorizing courts to "decline to consider a motion" that is non-compliant).

Kiani had ample ability to comply with the meet and confer requirement. Mere hours before Kiani filed his motion, Masimo's counsel at Keller Anderle Scolnick LLP met and conferred with Kiani's counsel at Hueston Hennigan regarding a discovery matter in Kiani's case against Masimo in Orange County Superior Court. Barron Decl.

---

[2] Local Rule 7-3 provides: "***Conference of Counsel Prior to Filing of Motions.*** In all cases not listed as exempt in L.R. 16-12, and except in connection with discovery motions (which are governed by L.R. 37-1 through 37-4) and applications under Fed. R. Civ. P. 65 for temporary restraining orders or preliminary injunctions, counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference must take place at least 7 days prior to the filing of the motion. If the parties are unable to reach a resolution that eliminates the necessity for a hearing, counsel for the moving party must include in the notice of motion a statement to the following effect: 'This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date).'"

¶ 2. Yet Kiani's counsel made no mention of this Motion at any time during the call, nor has counsel otherwise attempted to meet and confer. *Id*.

### D. The Brief Does Not Satisfy the Traditional Role of Amicus Briefing

Even aside from those procedural defects, the Motion fails on the merits. The Motion does not satisfy any of the grounds traditionally considered by Courts in allowing amicus briefing. Indeed, Kiani's gamesmanship in delaying the filing of his Motion until hours before Christmas Eve—like his separate effort to weaponize the holidays and to file an ex parte application on a Friday night despite the lack of any exigency—are all designed to *deprive* the Court of the benefit of complete briefing on the respective issues. This conduct stands in stark contrast to the role served by a friend of the Court (amicus curiae) in seeking to help the Court reach a fully considered decision on an issue of great importance.

While "[t]here is no rule . . . that amici must be totally disinterested," *Hoptowit*, 682 F.2d at 1260, "[h]istorically, amicus curiae is an impartial individual who suggests the interpretation and status of the law, gives information concerning it, and advises the Court in order that justice may be done, rather than to advocate a point of view so that a cause may be won by one party or another." *Community Ass'n for Restoration of Environment v. DeRuyter Bros. Dairy*, 54 F.Supp.2d 974, 975 (E.D. Wash. 1999). "It is the 'classic role' of amicus curiae to assist a court in a case of public interest by 'supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration.'" *Cody v. Ring LLC*, 718 F. Supp. 3d 993 (N.D. Cal. Feb. 22, 2024) (quoting *Miller-Wohl v. Commissioner of Labor & Industry*, 694 F.2d 203, 204 (9th Cir. 1982) (per curiam).

Moreover, "[a]n amicus brief should normally be allowed when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the amicus to intervene and become a party in the present case), or when the amicus has unique information or perspective that can help the court

beyond the help that the lawyers for the parties are able to provide." *Ryan v. Commodities Futures Trading Com'n*, 125 F.3d 1062 (7th Cir. 1997) (Posner, J.) (citing *Miller–Wohl Co. v. Commissioner of Labor & Industry*, 694 F.2d 203 (9th Cir. 1982) (per curiam).

The Motion satisfies none of those considerations. The pending issue presented by Masimo—withdrawal of a contempt motion and vacatur of the related ruling—is a purely discretionary matter based on a fulsome record, and is thus far from a legal determination with a broad public impact. *See also Smith v. Chrysler Fin. Co.*, 2003 WL 328719, at *8 (D.N.J. Jan. 15, 2003). ("[A]micus which argue facts are less favorable because they are not correctable on appeal.").[3]

Nor does Kiani break new ground in his proposed amicus brief, despite nearly tripling the page limit for such briefing.[4] *See Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 976 F.3d 761 (7th Cir. 2020) ("an amicus curiae brief should be additive—it should strive to offer something different, new, and important"). Yet there is one glaring omission in Kiani's proposed brief: it is *silent* on material facts cited by Masimo in its motion to vacate, namely, prior counsel's troubling use of unvetted and unreliable allegations in the July 2024 complaint—a complaint that Kiani verified under penalty of perjury. Dkt. No. 1 at 74. Kiani's silence on that issue alone speaks volumes about his lack of credibility here.

---

[3] While Kiani asserts that amicus intervention is necessary to ensure an "adversary presentation" (Mot. at 2, 4), the cases he cites all involved the appointment of amicus counsel to assist the Court in ruling on legal issues with broad public interest—again, neither of which is presented here. *See, e.g.*, *DiCocco v. Garland*, 52 F.4th 588 (4th Cir. 2022) (whether a federal anti-discrimination law applied to certain classes of gender discrimination claims); *Erlinger v. United States*, 602 U.S. 821, 828 (2024) (whether the Fifth and Sixth Amendments required a jury to find beyond a reasonable doubt that a criminal defendant's prior criminal convictions qualify for mandatory prison terms under the Armed Career Criminal Act).

[4] Rule 29(a)(5) limits amicus briefs to half the maximum length of the applicable principal brief. Masimo's Motion to Vacate was subject to a maximum length of 20 pages, Fed. R. Civ. P. 27(d)(2), meaning that Kiani's current 26-page proposed amicus brief far exceeds the maximum length of 10 pages—and is substantially longer than even Masimo's own motion.

Instead, Kiani's proposed brief relitigates issues already presented to the Court in the prior briefing, while inserting alarmist editorializing to inflame the Court—all far afield from the traditional role amici serve in bringing new information to the Court in a good-faith effort to assist its deliberation. "The position of classical amicus in litigation was not to provide a highly partisan account of the facts, but rather to aid the court in resolving doubtful issues of law." *United States v. State of Mich.*, 940 F.2d 143, 165 (6th Cir. 1991) (citing *New England Patriots Football Club, Inc. v. University of Colorado,* 592 F.2d 1196, 1198 n. 3 (1st Cir. 1979).)

Similarly, Kiani is not a neutral party, and his arguments in the amicus brief inure to his own benefit only. Kiani does not speak for Masimo. He no longer holds any executive position at Masimo, and, as noted, the relief sought by Masimo enjoys unanimous support within its sitting board and executive management.

Kiani also does not speak for Masimo's shareholders. Those shareholders just recently voted 2-to-1 to remove Kiani from Masimo's board, communicating with a clear voice that they no longer trust him with stewardship of Masimo. And, as noted, Kiani is pursuing litigation that is directly adverse to shareholders' financial interests, in which he seeks to sap a half-billion dollars from Masimo's coffers.

Indeed, Kiani has already demonstrated in *this* case that he is not reliable. In support of his ex parte application to intervene, Kiani (through his current counsel) lobbed serious accusations of bias and one-sided litigation against Masimo's current counsel, despite the total lack of supporting evidence, and even though undersigned counsel had substituted into the case literally days earlier and had yet to put pen to paper on any substantive briefing. Kiani thus showcased his willingness, post-defeat, to portray Masimo in the worst light regardless of the absence of any credible basis.

Kiani repeats those same baseless accusations in his proposed brief. And, again offering no evidence at all, Kiani asserts that Masimo's independent investigation was a "sham." Dkt. No. 284-1 at 7. Masimo has presented the Court with the report of the 40-day investigation, detailing its interviews, the records it reviewed, its conclusions,

and its reasoning, and the related findings of the Special Committee of Masimo's board. Dkt. 284, Exs. 1 and 2. Those exhibits speak for themselves, including with respect to diligence and good faith. Regarding the Special Committee, its constituent directors—Ms. Solomon and Mr. Jellison—were overwhelmingly voted onto Masimo's board in September in the wake of findings by the advisory firm Glass Lewis that they are "independent and credible" and that their election "would go a long way to ensuring the interests of all investors are clearly and consistently represented at a particularly critical juncture for the Company." Dkt. 268, Ex. 3 at 17.

Ultimately, the Court can and should reach its own conclusions on the issues before it based on the amply developed record. Kiani's conclusory accusations and handwringing do not meaningfully assist that process. Briefing by a conflicted non-party is a disruption and a distraction, neither of which are consistent with the beneficial role served by good-faith amicus curiae.

### III.  CONCLUSION

For the foregoing reasons, the Court should exercise its broad discretion and deny the Motion. And, for the same reasons, the Court should decline to allow Kiani to participate in oral argument, even if it allows filing of the amicus brief.

Dated: December 27, 2024

Respectfully submitted,

KELLER/ANDERLE LLP

By:  /s/ Benjamin R. Barron
_____
BENJAMIN R. BARRON
Attorneys for Plaintiff
MASIMO CORPORATION