UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-01568-JVS(JDEx)        Date: February 04, 2025

Title    Masimo Corporation v. Politan Capital Management LP et al


Present: The Honorable:    **JAMES V. SELNA, U.S. DISTRICT COURT JUDGE**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:    Attorneys Present for Defendants:
Not Present                          Not Present


**Proceedings: [IN CHAMBERS] Order re Request to Withdraw Contempt Filing**

  The background of this dispute is an intense proxy fight between Masimo Corporation ("Masimo") and Politan Capital Management LP ("Politan). Through the annual election of directors, Politan, which already had two directors on the board, sought to secure two more seats and thus control over the Board. By way of a preliminary injunction, Masimo sought relief from what it believed were inadequate proxy disclosures under SEC rules. (Docket No. 1.) In tentative rulings posted before the hearing, the Court found certain disclosures inadequate, and Politan made several supplemental disclosures in advance of the actual hearing. For the final hearing before the Board election, the Court issued a tentative order declining to enjoin the election. The tentative was not published in advance on the Court's webpage, its usual practice, because of the sensitive nature of the content. The Court gave the parties two days to propose redactions for a public version that would issue. (Docket No. 201, p. 50.)

  While the decision was still sealed, Politan issued a press release revealing that the Court declined to issue an injunction. The Court found that conduct contemptuous, and held Politan and one of its principals, Quentin Koffey, in contempt. (Docket Nos. 218, 219.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:24-cv-01568-JVS(JDEx)                                         Date: February 04, 2025

Title     Masimo Corporation v. Politan Capital Management LP et al

Masimo now moves the Court to withdraw the findings. (Docket Nos. 268, 274.) Politan joins in the Motion. (Docket No. 282)

For the reasons set forth below, the Court **DENIES** the Motion.

I.  Legal Standard.

The Court agrees that Rule 60(b) motion is an appropriate vehicle to challenge the Court's rulings. Fed. R. Civ. P. 60(b). The Court also agrees that it has the power to vacate its interlocutory order, City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882, 886-87 (9th Cir. 2001).

II.  Discussion.

There are two aspects to the Motion: one public and one private.

Private Considerations.

Any harm sustained by Masimo was transient and did not affect the election. The parties agree that the market here is efficient. Whatever inference's Masimo shareholders might have made with regard to the contemptuous conduct of Politan and its principal in deciding how to cast their votes in the directors' election, there was adequate time to absorb the information and vote in light of that information.

At a minimum, Masimo incurred attorney's fees and costs. However, Masimo no longer finds it in its shareholders' interest to continue to seek sanctions. (Motion, p. 4.) Moreover, to the extent that Masimo and Politan's interests are now somewhat commingled and overlapping in the new Masimo shareholder profile, it is difficult to determine what the net result would be from any monetary award.

Were only private interests at issue here, the Court would likely withdraw the contempt order. But they are not.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01568-JVS(JDEx)                                Date: February 04, 2025

Title    Masimo Corporation v. Politan Capital Management LP et al

Public Considerations.

The public interest includes fostering respect for the Court and its rulings. Masimo acknowledges the point: "Masimo is in no way suggesting that the Court's interest in enforcing compliance with its orders is insignificant or should be brushed aside." (Motion, p. 4.) With one exception, the Court reaffirms its contempt findings. There was misconduct here and the Court declines to ignore it.

The contempt hearing was held on September 9, 2024, at 8:00 a.m. While he did his best to travel from the East Coast for the hearing, Mr. Koffey did not arrive until approximately 8:20 a.m. Although he was represented by seasoned counsel, the Court believes that given the personal nature of the proceeding against him, he was entitled to be at the hearing to assist his counsel or even potentially testify. In view of the Due Process implications, the Court vacates the contempt finding as to Mr. Koffey.

At the hearing, Politan contended that same Due Process implications extended to Politan. While neither Koffey nor its long-time counsel arrived for the start of the hearing, the same counsel who initially appeared for the Politan parties was present. That was sufficient for Due Process.

III. Sanctions.

The issue of sanctions remains. The Court imposes a monetary sanction of $1 against Politan, and deems it satisfied.

At the hearing, Masimo made an oral request for dismissal with prejudice. Politan agreed, and the Court granted the request.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  8:24-cv-01568-JVS(JDEx)                                       Date: February 04, 2025

Title       Masimo Corporation v. Politan Capital Management LP et al

IV.  Conclusion.

Except for the withdrawal of the contempt finding as to Mr. Koffey, all other relief is denied.

The Court grants Masimo's oral request for dismissal with prejudice. The matter is dismissed with prejudice.

This order constitutes the Judgment dismissing the case.

**It is so Ordered.**